Louis A. Greene,

*vs.*

George E. Allen, Eastman Birkett, Oswald L. Johnston, Floyd B. Odlum, W. C. Rockefeller, and Airfleets, Inc., a Delaware corporation.

*New Castle, April 27, 1953.*

*Robert C. Barab*, of Wilmington, and *Paul Roberts*, of New York City, for plaintiff.

*Caleb S. Layton*, and *Henry M. Canby*, of Richards, Layton & Finger, of Wilmington, and *R. B. Persinger*, of Simpson, Thacher & Bartlett, of New York City, for Oswald L. Johnston and Floyd B. Odlum, defendants.

Seitz, Chancellor: This is the decision on the motion of two non-resident individual defendants to dismiss or quash service of process on the ground that there was no effective seizure of any of their property in Delaware.

This is a derivative action filed by plaintiff-stockholder against Airfleets, Inc., a Delaware corporation, and certain individual defendants who are directors of Airfleets and are non-residents of Delaware. Plaintiff seeks an accounting from the individual defendants of the profits and damages allegedly due Airfleets arising out of the alleged diversion by the defendant, Floyd B. Odlum, of a corporate opportunity of Airfleets in respect of certain patents. Plaintiff also seeks a transfer of the patents or the imposition of a constructive trust on the patents in favor of Airfleets.

In order to compel .the defendants to appear, plaintiff sought orders under what was then the second paragraph of the *Delaware Code* 1935, § 4374. That statute, being now 10 *Del.C.* § 366, in so far as pertinent provides:

"If it appears in any complaint filed in the Court of Chancery that the defendant or any one or more of the defendants is a non-resident of the State of Delaware, the Court may make an order directing such non-resident defendant or defendants to appear by a day certain to be designated. Such order shall be served on such non-resident defendant or defendants by mail or otherwise, if practicable, and shall be published in such manner as the Court directs, not less than once a week for three consecutive weeks. The Court may compel the appearance of the defendant by the seizure of all or any part of his property, which property may be sold under the order of the Court to pay the demand of the plaintiff, if the defendant does not appear, or otherwise defaults. Such property shall remain subject to seizure and may be sold to satisfy any judgment entered in the cause, unless security sufficient to the Court is given to secure the release thereof."

Thereafter two orders were entered providing for notice by mail and publication for three individual defendants including the two whose present motion is being decided. The two orders also directed the sequestrator to seize all shares and rights pertaining thereto standing in the names of the defendants "or in or to which all, or any of them, may have or hold any right, title or interest." The sequestrator was directed to demand of the corporations a statement of the number of the shares held or owned or standing in defendants' names or in or to which they had any right, title or interest, "with the number or numbers of the certificate or certificates or other marks distinguishing the same and the dates said certificates were issued, and all rights of any kind thereunto belonging or appertaining; shall cause entries to be made on the books * * * showing that all such shares of said stock and the rights or interest therein are held by such sequestrator."

It appears from the sequestrator's interim report that both Airfleets and Atlas made returns disclosing that neither Oswald L. Johnston nor Floyd B. Odlum (hereafter called "defendants") had any shares standing in their names or any right, title or interest therein, in so far as the books of the respective corporations disclosed.

After these returns were received, the plaintiff addressed interrogatories to the defendants requiring the defendants to tell whether they owned any shares beneficially and, if so, to tell the name of the registered owner. This court, over objection, required the defendants to answer solely as a possible aid to the court in resolving the jurisdictional question. From the answers it appeared that the defendants owned beneficial interests in shares of stock of both Airfleets and Atlas. The defendants also disclosed the names of the registered owners of such shares. On the basis of the information so obtained the sequestrator then served notice of seizure of such shares on the corporations. However, this was not done pursuant to any additional court order. The information obtained and the action taken on the basis of the answers to these interrogatories cannot warrant a finding of jurisdiction if there was no jurisdiction without it. I say this because the court directed the interrogatories to be entered to see whether jurisdiction had been established, not to create it. I express no opinion on the effect of such action under other circumstances and the possibly related problem of "joinder".

The defendants appeared specially and moved that the proceedings be vacated, quashed and set aside and the complaint be dismissed as to them. The first ground set forth in their brief is as follows:

1. This court was without jurisdiction to seize the stock interests of these defendants because they did not appear on the corporate records and the Delaware statute does not authorize the seizure of stock interests unless they so appear.

Let us now consider defendants' objection having in mind that in this case the sequestrator in his notice of seizure only identified the shares or interests seized by reference to the names of the defendants.

Both sides agree that the seizure orders were entered under the quoted second paragraph of *Section* 4374 of the 1935 *Revised Code*, now 10 *Del.C.* § 366. There could be no effective seizure in Chancery of a non-resident's Delaware property merely to obtain satisfaction of a claim not related to the title, etc., to such property

prior to the enactment of *Section* 366.[1] In other words, the statute supplies the jurisdiction. This would seem to be a complete answer to plaintiff's argument that the validity of seizure cannot become material until such time as steps are taken to enforce the court's order. Thus we must look to the statute to see whether, reasonably construed, it authorized the seizure here under attack.[2]

■■ *Section* 366 *of Title* 10 of the *Code* has been recognized to be broad in scope and to include the seizure of equitable interests.[3] However, certainly the statute must be held to contemplate an effective seizure. In considering what constitutes an effective seizure, it would not be amiss to state the manner in which the statute operates. The Court of Chancery is authorized to seize a defendant's property. This is done in practice by the appointment of an agent called a "sequestrator". The sequestrator merely serves notice on the corporation that he is seizing all the stock and stock interests of the particular defendant. If such interests appear on the corporate records in the name of that individual, the corporation makes an appropriate notation and makes a return to the sequestrator identifying what has been seized. Thus service of the notice on the corporation plus publication and mailing of notice are sufficient in such a situation to constitute an effectual seizure.

But what of the situation where, as here, the attempted seizure is solely by reference to the names of the defendants and it turns out that there are no stock interests of record in the names of the defendants? It is obvious that information must be given the corporation which will permit identification of particular shares if the purpose of the statute is to be effectuated. The corporation must know the particular stock interests which it may not transfer. It should identify the specific interests in its return to the sequestrator. In fact the court order so requires. One might also

---

[1] See *Skinner v. Educational Pictures*, 14 *Del.Ch.* 417, 129 *A.* 857; *Cantor v. Sachs*, 18 *Del.Ch.* 359, 162 *A.* 73; and see *Sporturno v. Woods*, 8 *W.W.Harr.* 378, 192 *A.* 689.

[2] The statute, 8 *Del.C.* § 324, dealing with the attachment of stock does not apply to Chancery. See *Sporturno v. Woods, supra.*

[3] See *Blumenthal v. Blumenthal*, 28 *Del.Ch.* 1, 35 *A.2d* 831, affirmed 28 *Del. Ch.* 448, 59 *A.2d* 216.

ask which shares would be sold to satisfy the claim if the share identification was not explicit.

■■ I conclude that § 366 must be construed to contemplate an effective seizure. When the statute is applied to the seizure of stock interests in a Delaware corporation, there is no effective seizure of any stock interest where the sequestrator, in his notice to the corporation, does no more than identify the stock interest to be seized by reference to the defendants and there are no stock interests of record in their names. The responsibility to provide information sufficient to permit the sequestrator to make an effective seizure is upon the party seeking to invoke this statutory jurisdiction.

■ But plaintiff says the corporations actually knew of the stock ownership of these defendants because they were directors and because of certain statutory disclosure requirements. Conceding that the "corporation" knew the defendants owned stock by virtue of certain facts, nevertheless, it does not follow that it had knowledge of the identity of such shares. But in any event, I conclude that the statute contemplates that the sequestrator in order to make an effective seizure, will provide the corporation with information which will enable it to identify particular stock interests.[4] This he did not do here because the defendants hold no stock interests of record.

Thus I need not decide the broader question as to whether there are any circumstances under which this statute could be used to effectively seize stock interests not held of record with the corporation. Nor need I consider the other grounds of defendants' motion.

■ I conclude that the motion to vacate the orders of sequestration must be granted as to these defendants to the extent that the records purport to reflect any effective seizure of any stock interests of these defendants in either corporation. I think any broader relief at this time would be inappropriate.

Order on notice.

---

[4] Also compare *Sporturno v. Woods, supra; Womack v. De Witt,* 1 *Terry* 304, 10 *A.2d* 504.