WILLIAM· ELSTER,

*vs.*

AMERICAN AIRLINES, INC., a Delaware corporation.

*New Castle, June 16, 1954.*

Robert C. Barab, Wilmington, and William E. Haudek (of Pomerantz, Levy & Haudek), New York City, for plaintiff.

Richard F. Corroon (of Berl, Potter & Anderson), Wilmington, and Malcolm A. MacIntyre and Harold M. Childers (of Debevoise, Plimpton & McLean), New York City, for defendant.

BRAMHALL, Vice Chancellor: This is a derivative action by plaintiff stockholder to compel defendant to cancel certain stock options. A more complete statement of the facts has been set forth in a former opinion dated October 14, 1953, found ante p. 94, 100 A.2d 219. A motion to dismiss was filed by defendant, alleging the lack of indispensable parties. Prior to the disposition of this motion plaintiff propounded to defendant certain interrogatories relating to the identity of the optionees and the circumstances of the issuance of the stock options. Defendant has objected to these interrogatories.

Defendant's general objection is based upon its contention that the defendant is not an adverse party. Having decided that defendant is an adverse party, that objection is of course overruled. I shall now consider the specific objections raised by defendant.

In Interrogatory No. 1 plaintiff asks the name, address and nature of employment of each optionee, the number of shares for which each option has been exercised and the total number of shares

held by each optionee. Defendant objects on the ground that if defendant should be compelled to answer, then plaintiff may be able to use the information supplied in defendant's answer to create jurisdiction in this court over the optionees. Defendant relies on the opinion of Chancellor Seitz in the case of *Greene v. Allen,* 33 *Del.Ch.* 508, 96 *A.2d* 349, 351. It is true that in that case Chancellor Seitz said that "The information obtained and the action taken on the basis of the answers to these interrogatories cannot warrant a finding of jurisdiction if there was no jurisdiction without it." However, Chancellor Seitz also said in the same paragraph that he was expressing no opinion on the effect of such action under other circumstances and the "possibly related problem of 'joinder'". On appeal the Supreme Court, *Greene v. Johnston,* 99 *A.2d* 627, while not passing directly on the question as to whether or not such information might be elicited upon interrogatories, allowed the information which had been elicited to be used, stating that to hold otherwise would invite circuity of action. Defendant has moved to dismiss on the ground of lack of indispensable parties. If plaintiff is to bring in such parties he must know who they are. Who better than defendant could furnish such information? See *Frederick Hart & Co., Inc. v. Recordgraph Corp., (D.C.D.Del.* 1947) 7 *F.R.D.* 43; *Nachod & United States Signal Co., Inc., v. Automatic Signal Corporation,* 2 Cir., 105 *F.2d* 981. See also *Moore's Fed.Pr., Sec.* 21.16, *p.* 1067. In the *Hart* case, Judge Rodney permitted the questions to be asked relative to the ascertainment of the jurisdictional feature of the existence of an actual controversy between the parties. In that case there was some question as to whether or not the defendant was "in court". In addition, the defendant here has been served, has appeared and filed an answer to the complaint. The questions propounded under this interrogatory relate to the identity of persons who may have knowledge of relevant facts and to matters relevant to the issue. This interrogatory is proper and should be answered.

In Interrogatory No. 1(f) plaintiff asks whether consideration was received from the optionees for the granting of the options, and, if so, the nature of the consideration, and whether or not there was an agreement in writing. Defendant objects to this inter-

rogatory on the ground that it calls for the furnishing of opinions and legal conclusions. The court's attention is also called to the fact that in the numerous briefs filed and arguments made before this court defendant has set forth in detail its theories of the consideration present in this case.

As I view this question, it does not call for an opinion at all; defendant is merely asked did he receive any consideration, and, if so, what it was, and if there was any written agreement relative thereto. Plaintiff is here asking for facts, not opinions or conclusions. The fact that defendant has set forth its theories as to consideration in its briefs and arguments does not deprive plaintiff of the right to elicit by interrogatories the facts upon which such theories may be based. Defendant's objection will be overruled.

In Interrogatories No. 1(j) (II) and No. 1(j) (III) plaintiff asks for the total number of shares held of record and not of record by each optionee which have been acquired otherwise than by the exercise of the options. Defendant objects to these interrogatories on the ground of irrelevancy. Plaintiff suggests that the question of whether or not optionees may have had stock of defendant prior to the granting of the options may be important as relating to the consideration for the issuance of the options. Defendant has contended that the granting of the options was in consideration of the optionees remaining in the employ of defendant by giving them a greater interest in the corporation. I cannot say at this time that such information would not be admissible or would not lead to evidence which would be admissible. These questions also will be allowed.

In Interrogatory No. 3 plaintiff asks defendant to describe the nature, terms and subject matter of each of certain documents called for by the interrogatory. Objection is made to this interrogatory on the ground that it will require defendant to summarize and to state the effect of the documents referred to. Plaintiff asserts that he is only asking for such information as will enable him to identify a paper for the purpose of ordering its production under *Rule* 34, *Del. C.Ann.* Within this limitation, I will overrule the objection and permit the question to be answered.

Order on notice in accordance with this opinion.