ARTHUR J. L. HUTCHINSON,
Plaintiff,

FISH ENGINEERING CORPORATION, a Delaware corporation, and PACIFIC NORTHWEST PIPELINE CORPORATION, a Delaware corporation, DOE ONE, DOE TWO, DOE THREE, DOE FOUR, DOE FIVE, and DOE SIX.
Defendants.

*New Castle, July 14, 1959.*

*Herbert L. Cobin,* Wilmington, and *Leonard J. Meyberg,* for plaintiff.

*Arthur G. Connolly* and *Januar D. Bove, Jr.* of Connolly, Cooch & Bove, Wilmington, for defendant, Fish Engineering Corp.

*John VanBrunt* of Killoran & VanBrunt, Wilmington, for defendant, Pacific Northwest Pipeline Corp.

SEITZ, Chancellor: Plaintiff, Arthur J. L. Hutchinson, brings this action against The Fish Engineering Corporation ("Fish"), Pacific Northwest Pipeline Corporation ("Pacific"), and entities denominated Doe One to Six.

The appearing defendants have attacked the inclusion of the Doe defendants and under our practice I do not think it is permissible. I shall consider the motion of the two named defendants as a motion to strike the Doe defendants. It will be granted. Subsequent reference to "defendants" therefore will embrace only Fish and Pacific.

The elaborate complaint in effect charges that by fraud and misrepresentation the defendants obtained title to certain of plaintiff's patents and in the same way caused him to execute the alleged agreement of 1954 by which he assigned certain rights to Fish. The allegations are spelled out at length.

The complaint asserts some five causes of action and concludes with a series of prayers for relief. The following prayers appear to be pertinent to this opinion:

> "1. Declaring the rights and duties of plaintiff and defendants and each of them respecting the matters related above;

"2. For rescission of the transaction involving inventions and patents (a), (b), and (c) and the assignments thereof and of each thereof.

"3. For rescission of the transactions involving inventions and patents (d), (e) and (f) and each thereof and of the Instrument of July 24, 1954 (Exhibit B).

"4. For an accounting of the damages suffered by plaintiff by the wrongful exercise of control and dominion by defendants and each of them over the said inventions and patents (a), (b), (c), (d), (e), and (f) and each thereof of plaintiff and of the profits and earnings received or derived therefrom directly or indirectly by said defendants and each of them.

"5. For recovery by plaintiff of either the patents (a), (b), (c), (d), (e) and (f) and each thereof or the reasonable value thereof in the amount of Two Million Dollars ($2,000,000.00) for (a) and (c), Fifty Thousand Dollars ($50,000.00) for (b), One Million Five Hundred Thousand Dollars ($1,500,000.00) for (e) and (f), and Two Million Dollars ($2,000,000.00) for (d), and for a total of Five Million Five Hundred Fifty Thousand Dollars ($5,500,000.00) against defendants and each of them;

"6. For cancellation of the said assignments of inventions and patents (a), (b), and (c) and of the said instrument of July 24, 1954, Exhibit 'B' ";

■ I first consider the defendants' contention that a claim for rescission may not be joined with a claim for a breach of contract. Plaintiff has prayed, on the basis of fraud and misrepresentation, for cancellation, rescission and damages in connection with certain transactions by which he assigned or agreed to assign certain patents to the defendant, Fish. By prayer 5, plaintiff seeks the recovery of the six patents or the recovery of the reasonable value thereof. Defendants' attack on Prayer 5 is based upon the apparent inconsistency of the claims.

It seems to the court that Prayer 5 may fairly be construed to mean that the plaintiff seeks the monetary value of the patents in the event he cannot obtain rescission because defendants' actions subsequent to the filing of the complaint have made rescission impracticable. In such a case alternative monetary relief can be granted in equity. See *Schleiff v. Baltimore & O.*, 36 *Del.Ch.* 342, 130 *A.2d* 321, 330.

If plaintiff intended Prayer 5 to operate in a way other than I have construed it, he should promptly so notify the court. The court would then consider such matter.

It follows that defendants' motion to dismiss on the ground that plaintiff is required to elect is denied without the necessity of determining whether the doctrine of election could have application at this stage and under other circumstances.

At oral argument plaintiff's counsel conceded that he was not relying upon conspiracy as an independent basis of action. The complaint will be so construed and defendants' motion on this ground will be denied.

I come next to defendants' contention that the complaint shows on its face that plaintiff permitted the applicable statute of limitations to run or was guilty of laches before filing the action. I pass over the propriety of raising these issues on a motion to dismiss.

Although defendants contend that the allegations of the complaint show even earlier dates from which the court should conclude that plaintiff was on notice of the alleged fraud and misrepresentation, they emphasize the allegations in Paragraph 47 to the effect "that plaintiff did not discover any facts which led him to believe that he had been defrauded by the said defendants, either or any of them, until on or about April 1956, * * *." This complaint was filed February 2, 1959. Defendants say that since these transactions took place in Texas the Texas two year statute of limitations applies to bar the action. Plaintiff challenges this contention but I need not resolve it.

The complaint as construed seeks rescission and cancellation. These are remedies within the exclusive jurisdiction of the court. See 1 Pomeroy, Equity Jurisprudence, (5th ed.), § 112. Consequently,

the court is not dealing with the application of a statute of limitations in a concurrent jurisdiction situation. In such cases the statute is generally applied. Since this case involves the exclusive jurisdiction of this court, it is pertinent to note that in such a case the court does not, in considering the defense of laches, apply the statute of limitations with the same general inflexibility as in a concurrent jurisdiction case. Circumstances may be such that it may be inequitable to apply the statute. Compare *Wright v. Scotton,* 13 *Del.Ch.* 402, 121 *A.* 69, 31 *A.L.R.* 1162. Having this in mind, does the complaint show that plaintiff was clearly guilty of laches?

At the start it should be said that plaintiff claims that the defendants owed plaintiff a fiduciary duty in view of the relationships of the parties and their relative positions and knowledge of the facts. Certainly, on the basis of the complaint the court cannot say that this is not so, at least as to Fish. Where a fiduciary duty exists the court applies the doctrine of laches with restraint even in a concurrent jurisdiction case. Compare *Bovay v. H. M. Byllesby & Co.,* 27 *Del.Ch.* 381, 38 *A.2d* 808, 174 *A.L.R.* 1201.

It is true that in Paragraph 47 plaintiff alleged that he in effect discovered facts in April 1956 which led him to believe that he had been defrauded. But this is certainly not to say that plaintiff was required to take immediate action. In that same paragraph he alleges that since that time he "has conducted an investigation in the premises to discover the facts as herein alleged." Also, in Paragraph 42, plaintiff alleges that in June 1957, he was informed by Fish that Fish was using the inventions of plaintiff and claimed ownership of all of them and that nothing by way of royalties or otherwise was due plaintiff even though plaintiff alleged an agreement by which he was to receive certain royalties. Plaintiff also alleged that it was not until June 1957 that he first learned that some of the prior representations made by Fish which were relied upon by him were false. He filed this action February 2, 1959. It is alleged that about June 29, 1957, plaintiff sent Fish a notice of rescission of the agreements of assignment of patents and of the alleged agreement of July 24, 1954. At the same time plaintiff offered to return to Fish everything of value received by plaintiff.

The foregoing allegations, whether construed alone or in conjunction with the allegations of the complaint generally, create substantial doubt as to whether plaintiff has been guilty of laches in bringing this action. At the present time I need do no more than state that the complaint does not on its face show that plaintiff was clearly guilty of laches.

I therefore conclude that the complaint may not be dismissed on the ground that it shows that plaintiff is guilty of laches or his complaint is barred by the statute of limitations.

This disposes of all the grounds asserted in the joint motion of the defendants to dismiss the complaint. The motion will be denied.

Plaintiff served numerous interrogatories upon defendants and the have filed various objections to them. I now consider defendants' objections.

Defendants first object to the interrogatories on the ground that they are directed to Ray C. Fish, individually, rather than to any defendant of record. Plaintiff argues that the interrogatories show that they were directed to the defendant Fish and that the direction that Ray Fish answer was not binding. I shall not waste time on the matter. The defendants will now consider the interrogatories as though there was no direction that Ray Fish answer.

The parties should agree on a means to remove doubt as to the meaning of the "you" as used in the interrogatories. If they cannot agree plaintiff will have to redraft them.

Defendants object to those interrogatories which require the defendants to produce documents. Under the present rules and practice, where a party objects, documents need not be produced when the request for production is merely part of an interrogatory. It follows that the objections to the portion of the interrogatories requesting documents will be sustained.

Defendants next make a general objection to all the interrogatories on the ground that they are harassing and annoying and

seek information which should only be obtained by deposition. I believe the court may exercise discretion in resolving this situation.

There is no challenge to the relevancy of the matter sought except as to the alleged confidential matter discussed hereinafter. This is the first discovery in an involved dispute.

I have reviewed the interrogatories in the light of the allegations of the complaint. It seems to me that interrogatories rather than depositions are preferable at this stage. I say this because the answers to many of the interrogatories will require time-consuming inquiry. I do not believe the number of questions is excessive in view of the scope of the litigation and the subject matter of the interrogatories.

Defendants' objection on the ground that the interrogatories are harassing is overruled.

Defendants next object on the ground that certain of the interrogatories seek confidential matter which is irrelevant. I have reviewed the interrogatories to which this objection is made. They appear to be relevant to the allegation of the complaint. Defendants have not attempted to show their irrelevancy except that they do mention Interrogatory 80 which seeks to ascertain whether defendants know of any improvements of "plaintiff's" patents, giving details. Plaintiff also seeks to ascertain defendants' knowledge of any patents or patent applications, giving details including the name of the inventor. Defendants say such information is confidential. I do not see how the request for this material is objectionable since plaintiff only seeks a statement of defendants' knowledge. This is not confidential as against plaintiff in this type of action.

Defendants' objections on the score that certain interrogatories seek confidential information are overruled.

Finally, I consider defendants' objection that certain interrogatories seek beliefs, opinions and conclusions rather than facts. This is always a difficult field. I do not think beliefs, opinions and conclusions as such are necessarily beyond the scope of the discovery process. They may lead to admissible evidence under some circumstances. I have reviewed the interrogatories to which defendants have

objected. I think defendants' objections are without merit. Where accuracy requires qualifying language the defendants are free to employ it in answering the interrogatories but the objections here are not well founded. They will be overruled.

Present order on notice.

### Supplemental Opinion

SEITZ, Chancellor: Defendant, Pacific, orally added a ground to the motion to dismiss, viz., that the complaint does not set forth Pacific's alleged fraud with the particularity required by Rule 9(b), Del.C.Ann. Plaintiff makes no objection to the procedure adopted by Pacific. Rather, he meets Pacific's contention on the merits by claiming that the required particularity exists. The court will consider the matter on its merits.

It is true that there are relatively few allegations of the complaint which are explicitly applicable to Pacific. It is alleged that plaintiff fully assisted Fish and Pacific in testing the commercial feasibility of the inventions. It is also alleged that Fish was not entitled to require the plaintiff to divulge its inventions and details pertaining thereto to Pacific. In Paragraph 46, which I have construed not to be an allegation of an independent conspiracy, plaintiff does allege that the defendants, which would include Pacific, engaged in the various acts complained of in order to defraud plaintiff and obtain the ownership and use of the patents without fairly compensating plaintiff therefor and that Fish and Pacific aided one another in the perpetration of the fraudulent acts; that both defendants caused devices based upon plaintiff's inventions to be manufactured for the account of Pacific without compensating plaintiff.

I think it must be said that the allegations are sufficient to allege that Pacific was a party to or had knowledge of the fraudulent acts of which plaintiff complains. Those acts are set forth with particularity. Under the circumstances therefore the defendant, Pacific's motion to dismiss on the ground that the complaint does not assert a claim against it must be denied.

Present order on notice.