153 A.2d 599 (1959)
Louis H. STEINBERG, Plaintiff,
v.
Paul V. SHIELDS, Robert Ayers, John G. Banniser, Eugene H. Catron, George L. Coleman, Robert B. Hunter, Edward M. Powers, Hugh V. Sherrill, A. Knox Tyson, Nafi Corporation, Nafco, Inc. and Nafco Oil and Gas, Inc., and Paul V. Shields, Eugene H. Catron, Hugh V. Sherrill, Cornelius Shields, Macrae Sykes, Vladimir N. Bashkiroff, Robert L. Veit, Donald Arthur, Jr., Theodore L. Crockett, Thomas H. McGlade, Homer F. Locke, John J. Reilly, Douglas R. Hansel, Edward E. Green, Warner G. Cosgrove, Jr., Bernard F. Toole, and Herbert H. Childs, co-partners doing business under the firm name and style of Shields & Company, Defendants.
Court of Chancery of Delaware, New Castle.
July 16, 1959.
*600 William E. Taylor, Jr. of Wilmington, and Julius Levy of Pomerantz, Levy & Haudek of New York City, for plaintiff.
William S. Potter, David F. Anderson, James L. Latchum of Berl, Potter & Anderson of Wilmington, for appearing defendants.
SEITZ, Chancellor.
The defendant, Shields & Co., a brokerage partnership, has moved to vacate this court's sequestration order of June 1, 1959, which seized certain shares of stock of the defendants, Nafi Corporation and Nafco Inc., registered in the name of Shields & Co. The ground of the motion is that Shields & Co. has no interest in the seized shares or has no interest therein capable of sale under 10 Del.C. § 366; it being alleged that such shares are beneficially owned by its customers.
Plaintiff agrees that if in fact the seized shares registered in the name of Shields & Co. are not beneficially owned by Shields, the sequestration order should be vacated as to such shares. Shields & Co. filed an affidavit to the effect that it had no beneficial interest in such shares. Plaintiff, of course is not in a position at this time to deny the affidavit.
Plaintiff emphasizes that certain public records show that Shields & Co. owns beneficially some stock of the moving corporate defendants. He then points out that defendants' affidavit does not say whether any stock is registered in the name of any of the customers for whom Shields & Co. claims it holds registered seized shares. Such a fact would be relevant in *601 determining whether any of the shares registered in the name of Shields & Co. are also beneficially owned by Shields.
Based upon the matters just narrated plaintiff argues that neither the sequestrator's return nor the defendants' affidavit should be conclusive. He says that he should be given an opportunity by way of discovery to challenge the present record. I agree. In view of the nature of the problem it seems to me that before the court acts upon the defendants' motion to vacate the sequestration as to these shares, plaintiff should have an opportunity to attempt to confirm or disaffirm the position asserted by Shields & Co. Consequently, the defendants' motion to vacate the sequestration order of June 1, 1959 will be denied without prejudice.
Plaintiff also argues that the sequestration order should be held to have seized Shields & Co.'s presumably unregistered equitable stock interest. I do not view the present motion of the defendants as being directed to that issue and so I express no opinion thereon.
The plaintiff served notice upon Nafco Oil and Nafco, Inc., both Delaware corporations duly served, that he proposed to take the depositions of certain officers of those companies. At the same time those defendants were noticed to produce stock ledgers, stock transfer sheets and stock certificate books of each company for a certain period. In view of my later ruling herein with respect to production of documents, I shall not refer to documents in disposing of the immediate issue.
Both corporate defendants moved to vacate the deposition notice or in the alternative for a protective order. The motion was supported by a hearsay affidavit of one of their Delaware attorneys. This affidavit, which is contradicted in material part by the affidavit of plaintiff's New York attorney, contends that plaintiff's New York attorney informed defendants' New York attorney that the depositions were sought solely for the purpose of obtaining information to be used to obtain an effective seizure of the stock owned by any defendant in the action. Plaintiff's New York counsel frankly stated at oral argument that if such information is developed in the course of the depositions, he intends to use it to obtain an effective seizure of stock of the non-resident defendants. However, plaintiff emphasizes that the depositions are addressed to the appearing defendants in order to develop and establish some of the allegations of the complaint which must be proved if plaintiff is to succeed on the merits.
At oral argument defendants' counsel did not contend that the depositions would be irrelevant to the allegations of the complaint. I think, despite defendants' affidavit, that I must assume plaintiff desires discovery for a relevant purpose. Consequently, this is not a case where the discovery sought is supported solely on the ground that it is needed in order to obtain an effective seizure of a non-resident's stock. I therefore need express no opinion on the propriety of such a procedure.
Can the court prevent the taking of depositions addressed to the merits solely because, in the course thereof, it may provide plaintiff with information which can be used to obtain an effective seizure of stock of other defendants? I think not. Defendants have not cited any authority which supports their position. Needless to say, I express no opinion on the propriety of any particular question to be asked or the sufficiency of any such information to sustain a later seizure. The notice will not be vacated.
Defendants have requested, in the alternative, that this court enter a protective order which would limit the scope of any information that would be obtained as the result of the discovery so as to deny to the plaintiff the use of such information for the purpose of creating jurisdiction or for the purpose of permitting a later seizure under 10 Del.C. § 366. Defendants recognize *602 the difficulties in enforcing such an order. In any event, for the reasons given above I do not see how this court can grant such relief. Although the Supreme Court in Greene v. Allen, Del.Ch., 99 A.2d 627, 42 A.L.R.2d 906 noted that there was no order in that case limiting the use of the information sought, it is clear that in reality the court held that, once obtained, such information could be used for the purpose of obtaining jurisdiction over a non-resident's property. If it is obtained here it will presumably come as the result of legitimate discovery directed to the merits. Thus, I can see no basis to prevent its use.
I therefore decline to enter the protective order.
Finally, defendants contend that plaintiff cannot obtain the production of documents by so requesting in a notice of deposition. Defendants' reason is that Rule 34, Del.C.Ann., requires that a party seeking production must show good cause and obtain a court order before he can obtain production of documents. Where, as here, defendants object, the objection to such a procedure must be sustained.
The matter should be brought on in accordance with our practice. Compare Hutchinson v. Fish Engineering Corp., Del. Ch., Del.Ch., 153 A.2d 594. The request for production will be vacated.
Present order on notice.