154 A.2d 684 (1959)
Werner W. BUECHNER, Plaintiff Below, Appellant,
v.
FARBENFABRIKEN BAYER AKTIENGESELLSCHAFT, a German Corporation, Defendant Below, Appellee.
Supreme Court of Delaware.
October 15, 1959.
Carl W. Mortenson, Wilmington, for appellant.
Thomas Cooch, of Connolly, Cooch & Bove, Wilmington, for appellee.
*686 SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.
*685 SOUTHERLAND, Chief Justice.
Plaintiff Buechner is a former employee of the defendant corporation (herein "German Bayer"). On September 9, 1958 he filed suit in the court below to recover monetary damages flowing from an alleged breach of his employment contract.
German Bayer is a non-resident. Plaintiff alleged in his complaint that it was the owner of fifty per cent of the stock of Mobay Chemical Company, a Delaware corporation, and prayed that a writ of sequestration issue to seize the shares pursuant to 10 Del.C. § 366.
The writ issued, but the return showed that the Mobay stock was not registered in the name of German Bayer. Thereafter plaintiff amended his complaint to allege that in May, 1958, German Bayer formed Bayer Foreign Investment, Ltd. ("Canadian Bayer"), a wholly-owned subsidiary, and transferred to Canadian Bayer certain of its investments, including the Mobay shares. The amendment further alleged that German Bayer was the beneficial owner of such shares.
The sequestrator then undertook to seize the Mobay shares as the equitable property of German Bayer.
On application, German Bayer was granted leave to appear specially to move to vacate the seizure on the ground that the property seized was not German Bayer's property. An affidavit attached to the motion averred that Canadian Bayer had been incorporated in Canada on December 20, 1957; that the shares of Mobay stock had been purchased by Canadian Bayer for a valuable consideration in May, 1958; and that such shares were owned entirely, both legally and beneficially, by Canadian Bayer; and no trust, agency or other fiduciary relationship with respect to the shares existed between Canadian Bayer and German Bayer. We shall assume herein, as alleged by plaintiff, that Canadian Bayer is a wholly-owned subsidiary.
On January 20, 1959, Buechner served upon counsel for German Bayer certain interrogatories. German Bayer declined to answer them.
Plaintiff thereafter attempted to seize some patents owned by defendant. On motion this seizure was vacated.
In March, 1959, German Bayer's motion to vacate the seizure of the Mobay shares and dismiss the complaint, and also the matter of Buechner's interrogatories, came on to be heard before the Vice Chancellor. Thereafter the Vice Chancellor filed an opinion holding that the attempted seizure was ineffectual and that the motion to vacate should be granted. An order dismissing the action was thereafter entered.
The Vice Chancellor in his opinion did not rule upon the questions raised by the filing of the interrogatories, nor did the order specifically deal with the matter.
Buechner appeals and raises three points.
1. It is argued that German Bayer, notwithstanding the sale to Canadian Bayer, is still the equitable or beneficial owner of the Mobay shares. This contention, which completely disregards the separate corporate existence of Canadian Bayer, is based upon the rule that the stockholders of a corporation are the equitable owners of its assets. General statements to that effect may be found in the decisions. See State ex rel. Waldman v. Miller-Wohl Co., 3 Terry 73, 42 Del. 73, 28 A.2d 148.
This is only an indirect interest, however. "The shareholder's essential right is to share in the profits and in the distribution of assets on liquidation * *." Ballantine, Corporations, § 119. He has no interest of any specific assets of the corporation. 11 Fletcher, Cyclopedia Corporations, § 5100, and cases cited in Note 11. The corporation is an entity, distinct from *687 its stockholders even if the subsidiary's stock is wholly owned by one person or corporation. Bird v. Wilmington Society of Fine Arts, 28 Del.Ch. 449, 43 A.2d 476. Of course, the corporate fiction may be disregarded to prevent fraud, and a whollyowned subsidiary may sometimes be treated as an instrumentality of the parent. Martin v. D. B. Martin Co., 10 Del.Ch. 211, 88 A. 612, 102 A. 373. But this principle has no application to this case.
The decisive point here is that German Bayer has no direct beneficial interest in the Mobay shares. A creditor of the parent corporation may not, in the absence of fraud, disregard the separate existence of a subsidiary corporation and look directly to specific assets of a subsidiary for satisfaction of his claim against the parent. As the Vice Chancellor pertinently remarked: How could the seized shares be sold to satisfy plaintiff's claim without utter disregard of the financial obligations of Canadian Bayer?
Greene v. Johnston, Del., 99 A.2d 627, 42 A.L.R.2d 906, relied on by Buechner, is therefore not in point.
We think that the seizure was properly vacated.
2. Plaintiff makes an argument to the effect that the defendant corporation, notwithstanding its leave to appear specially, has in effect entered a general appearance.
Two acts of defendant are said to constitute a general appearance.
First, it is argued that the filing of the affidavit supporting the motion to vacate introduced "an extraneous issue", and therefore was a general appearance.
We are at a loss to understand what counsel means by "extraneous". On the contrary, the affidavit was a direct challenge of an issue tendered by plaintiff, viz.: German Bayer's alleged equitable ownership of the Mobay shares.
The same answer is applicable to the contention that German Bayer's argument respecting the situs of the patents constituted a general appearance.
Second, it is said that the presentation of an order taxing docket costs was a general appearance. On the contrary, the taxation of docket costs against the plaintiff upon dismissal of the complaint is done automatically. If defendant had omitted the appropriate clause from its draft of order, we have no doubt the court would have inserted it. This was not, as in State ex rel. Nelson v. Grimm, 219 Wis. 630, 263 N.W. 583, 586, 102 A.L.R. 220, an attempt by a defendant appearing specially to obtain his "costs and disbursements".
There is no merit in plaintiff's contention of a general appearance.
3. Finally, plaintiff insists that the court should have compelled defendant to answer certain interrogatories. He seems to contend that these interrogatories were pertinent to the resolving of the issue made between the parties by the plaintiff's amended complaint and the defendant's affidavit. That issue was whether or not German Bayer was the beneficial owner of the Mobay shares.
As heretofore stated, the Vice Chancellor did not rule on the matter, but we shall assume that his ruling on the motion to quash was an implied denial of plaintiff's application, since he indicated that, subject to further attempts to obtain jurisdiction, the complaint would be dismissed.
The interrogatories that are said to be material are these:
"3. Please state if the defendant is the entire owner of Bayer Foreign Investment, Ltd.
"4. Please state on what date Bayer Foreign Investment, Ltd. was formed.
"5. Please state if the shares of the Mobay Chemical Company held by the *688 defendant have been transferred to Bayer Foreign Investment, Ltd.
"6. If a transfer was made, please state on which date the transfer was made.
* * * * * *
"11. Please give the names and addresses of any and all resident agents of the defendant who are located in the United States on behalf of the defendant.
"12. Please give the address of the defendant's office in New York City and the name and title of the person in charge thereof.
"13. Please state the names and addresses and titles of all officers of the defendant (a) who are in or who come to the United States on behalf of the defendant or (b) who are in the United States on a permanent basis on behalf of the defendant."
Nos. 11, 12 and 13 were clearly improper, since they did not relate to the Mobay shares. Plaintiff could not compel general discovery from a non-appearing defendant before jurisdiction had been established. Cf. Greene v. Allen, 33 Del.Ch. 508, 96 A.2d 349; and also Steinberg v. Shields, Del.Ch., 153 A.2d 599 (discovery from resident defendants).
As to No. 3, it is immaterial, since for the present purpose we have assumed that Canadian Bayer is wholly-owned.
As for Nos. 4, 5 and 6, the information desired from the defendant was furnished in the defendant's affidavit filed in support of the motion to vacate.
We find no prejudice to plaintiff and hence no error in the implied denial of plaintiff's application for answers to the interrogatories.
For the reasons above set forth, the judgment of the Court of Chancery is affirmed.