**Rose B. CHASIN, and Sylvia Friedman, Plaintiffs,**

**v.**

**Maxwell H. GLUCK, Stanley Roth, Sr., Eugene F. Roth, C. Louis Wood, Stanley M. Dorman, John Grimm, James M. Johnston, Robert W. Schiff, Saul Schiff and A. S. Beck Shoe Corporation, Defendants.**

Court of Chancery of Delaware.

New Castle.

Dec. 14, 1965.

See also Del.Ch., 207 A.2d 30.

Irving Morris and Joseph A. Rosenthal, of Cohen, Morris & Rosenthal, Wilmington, for plaintiffs.

Bruce M. Stargatt, of Conaway, Young, Stargatt & Taylor, Wilmington, appearing specially for defendants Maxwell H. Gluck, Eugene F. Roth, James M. Johnston and Saul Schiff.

MARVEL, Vice Chancellor:

Plaintiffs claim to be stockholders of the defendant A. S. Beck Shoe Corporation and sue derivatively in the alleged right and for the benefit of the corporate defendant and its stockholders. On the filing of their suit on June 23, 1964, an order of sequestration was entered which directed the seizure within the jurisdiction of the Court of designated property of the individual defendants Maxwell H. Gluck, Eugene Roth, James M. Johnston and Saul Schiff. Such order identified the property to be seized as shares of common stock of A. S. Beck Shoe Corporation and of Pepsi-Cola Bottling Company of Long Island, Inc., both of which are Delaware corporations. Thereupon, the sequestrator appointed by the Court notified the above corporations that he had seized shares of stock standing in the name of each of the individual de-

fendants whether owned directly or indirectly or in which they had any interest, beneficial or otherwise or " * * * in, of, or to which all or any of them may have or hold any right, title or interest with all the rights belonging or appertaining to said shares * * * ". In response to said notice, the transfer agent for A. S. Beck Shoe Corporation reported that the defendant Saul Schiff was the record holder of 28,500 shares of its stock, that the defendant Maxwell Gluck was the record holder of 71,000 such shares, and that no shares of the corporation were registered in the names of Eugene F. Roth and James M. Johnston. Also reported was the following: "For further information, said records also show that there are 71,053 shares issued to Robert M. Gottschalk and Eugene F. Roth, as nominees under agreement dated October 15, 1963 between Saul Schiff and Maxwell H. Gluck (Certificate No. CO 8585, issued February 26, 1964)".

The transfer agent for Pepsi-Cola Bottling Company of Long Island reported no shares held in the names of the defendants Gluck, Schiff and Roth; that 109 of its shares were registered in the name of James M. Johnston, and that 7,191 of its shares were registered in the name of Johnston, Lemon & Co. As to the latter holdings it added: "We have no information whatsoever as to whether or not these shares are owned individually, beneficially or otherwise by the said James M. Johnston".

The defendants Maxwell H. Gluck, Saul Schiff and James M. Johnston having been granted leave to appear specially, proceeded to file a motion to vacate the purported seizure of the above designated shares of stock as to all of them on the grounds that the order which had purported to seize their property violated the provisions of 10 Del.C. § 366 in that the complaint failed to allege that such defendants were non-residents of the State of Delaware as required by statute.

Such motion further contended that as to the defendant Johnston such order violated 6 Del.C. § 1525(b) (3) insofar as it purported to seize stock standing " * * * in the name of Johnston, Lemon & Co. * * * ", a business partnership. The last cited statute provides that: "A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership."

That portion of defendants' motion which sought to vacate seizure of property in Delaware on the grounds of plaintiff's failure to comply with 10 Del.C. § 366 was summarily denied. However, that part of the motion which sought to vacate seizure of shares of stock registered in the name of Johnston, Lemon & Co. was denied without prejudice. See Chasin v. Gluck (Del.Ch.) 207 A.2d 30.

An appeal having been taken, the part of the Court's order of January 13, 1965 which had denied the notice to vacate seizure of property in Delaware as to all of the specially appearing defendants was reversed by the Supreme Court of Delaware and the case remanded, the grounds for reversal being that plaintiffs had not met the express requirements of 10 Del.C. § 366(a) in that they had failed to include in their complaint statutory language to the effect that " * * * the defendant or anyone or more of the defendants is a non-resident of the State of Delaware * * * ". Such an allegation was held to be a statutory prerequisite to the issuance of an order " * * * directing such non-resident defendant or defendants to appear * * * ".

Plaintiff then moved to amend her complaint by adding to it an allegation to the effect that the individual defendants " * * * are non-residents of the State of Delaware * * * ". Simultaneously, plaintiffs moved for the entry of an alias order of sequestration on the basis of the allegations of the amended complaint. The motion to amend was granted and an alias

order entered which directed the defendants Gluck, Schiff and Johnston to appear and also appointed a sequestrator to seize " * * * property of each said defendants in the State of Delaware, consisting of shares of common stock of A. S. Beck Shoe corporation and Pepsi-Cola Bottling Company of Long Island, Inc. * * *". A notice of seizure was again addressed to such corporations, the language used being identical to that used in the original sequestration order, such notice being designed to effect a seizure of any and all of the interest held by the defendants in question in shares of the named corporations whether of a direct or indirect nature. The transfer agent for A. S. Beck Shoe Corporation, in response to the notice, certified that there was no stock on its books registered in the names of Maxwell H. Gluck, Saul Schiff or James M. Johnston, but that: " * * * The records do show, however, that there are 71,053 shares registered in the name of Robert M. Gottschalk and Eugene F. Roth as nominees U/A Dtd., the 15th day of October, 1963, between Saul Schiff and Maxwell H. Gluck. The shares are represented by a single certificate No. CO 8585 issued February 26, 1964". The agent further stated that it had made a notation on its books that no transfer of said shares was to be recognized without notice from the sequestrator or until further order of the Court.

The transfer agent for Pepsi-Cola Bottling Company of Long Island again reported that none of its stock was held in the names of Maxwell H. Gluck and Saul Schiff, but that James M. Johnston held 109 shares in his own name. Also noted was the fact that the number of shares registered in the name of Johnston, Lemon & Co., had been reduced from 7190 to 1979. Such corporation again disclaimed any knowledge as to whether or not these shares were owned " * * * individually, beneficially or otherwise by the said James M. Johnston * * *".

The defendants Gluck, Schiff and Johnston, having again been given leave to appear specially, have moved to vacate the second order of sequestration. Counsel for Messrs. Gluck and Schiff, in an unsupported motion paper, contends that " * * * the purported seizure of their shares of stock in this action * * *" should be vacated " * * * on the ground that these defendants have no interest subject to seizure in the 71,053 shares registered in the name of Robert M. Gottschalk and Eugene F. Roth as nominees under an agreement dated October 15, 1963 * * *". As to the defendant Johnston alone the motion asks that the seizure of stock registered in the name of Johnston, Lemon & Co. be vacated on the grounds asserted in the earlier motion, namely that sequestration of such shares is violative of the partnership law provision found in 6 Del.C. § 1525 (b) (3).

As to the shares of A. S. Beck Shoe Corporation, defendants Gluck and Schiff advance a point on their briefs not mentioned in their motion, contending that plaintiffs have failed to identify the property directed to be seized with reasonable certainty and have accordingly failed to meet the requirements of Rule 4(dd), Del. C.Ann. They also allude to the contention made in their motion, namely that, at best, plaintiffs have demonstrated " * * * a tenuous relationship between the seized shares and the defendants' interests, if any, therein * * *".

The affidavit in support of the new sequestration not only gave the addresses of the non-resident defendants and identified the property which plaintiffs sought to have seized but also estimated its value. More particularly, the supporting affidavit states that defendants have an interest in shares of A. S. Beck Shoe Corporation standing in their own names as well as in the names of nominees sought to be seized. In other words, such affidavit avers that the property of the defendants proposed to be seized consists of shares of common stock of A. S. Beck Shoe Corporation "standing in the names or held for the

benefit of the aforesaid defendants * *", stating on information and belief not only the number of shares thought to be individually owned by Mr. Gluck and by Mr. Schiff, but also stating the number of shares, namely 71,053, which " * * * stand in the names of Robert W. Gottschalk and Eugene F. Roth, as nominees under agreement dated October 15, 1963 between Saul Schiff and Maxwell H. Gluck". And while plaintiffs' averments are necessarily based on their limited information as to defendants' property interests, it is significant that neither defendants nor third parties have directly controverted plaintiffs' contention that defendants are "owners" of stock of A. S. Beck Shoe Corporation. Finally, the name of the person who is the source of plaintiffs' information is given.

In the case of Buechner v. Farbenfabriken Bayer Aktiengesellschaft, 38 Del.Ch. 490, 154 A.2d 684, the defendant whose property had been purportedly seized, filed an affidavit in support of its motion to vacate the order of sequestration. Such affidavit averred that the seized shares were " * * * owned entirely both legally and beneficially * * *" by a third party, an averment which plaintiff could not factually controvert. In contrast, defendants here have not come forward with any facts which directly contradict plaintiff's basic averments. This is understandable in view of the inferences to be drawn from the sequestrator's return. However, on the present record neither the sequestrator's return nor the claim made in defendants' unsworn motion can be accepted as conclusive, Steinberg v. Shields, 38 Del.Ch. 423, 153 A.2d 599. If the shares seized are in fact equitably owned by a third party or parties, such persons " * * * have a remedy on application to the court * * *" Rebstock v. Lutz, 39 Del.Ch. 25, 158 A.2d 487.

■ The substance of Rule 4(dd) was adopted to curb so-called fishing expeditions which would otherwise be permissible under the broad terms of 10 Del.C. § 366, Cantor v. Sachs, 18 Del.Ch. 359, 162 A. 73. Plaintiffs here have clearly not thrown out a drag net, a practice condemned in the cited case which old Rule 193 was designed to prevent. Rather, she has met, in my opinion, the basic requirements of 10 Del.C. § 366 and Rule 4(dd), and the report of the transfer agent for A. S. Beck Shoe Corporation indicates that the seizure made may well have been effective. Finally, the entry of the alias order of sequestration in any event signified a finding of " * * * substantial compliance with the procedural requirements of the rule * *", Rebstock v. Lutz, supra.

Plaintiffs will be given the opportunity to examine more closely into whether or not the contention made in defendants' motion is legally sound, Steinberg v. Shields, supra. Defendants' motion to vacate the seizure of shares of stock of A. S. Beck Shoe Corporation held by nominees under an agreement of October 15, 1963 between Saul Schiff and Maxwell H. Gluck, must, on the present record, be denied, Rebstock v. Lutz, supra.

■ As to that part of the renewed motion which seeks the vacating of seizure of shares of stock registered in the name of Johnston, Lemon & Co., an application made on behalf of the specially appearing defendant Johnston, denial will again be ordered without prejudice for the reasons given in the earlier opinion of the Court which is reported in 207 A.2d 30.

Order on notice.