Curtis W. Cannon,
Plaintiff,

*vs.*

Union Chemical & Materials Corp., a Delaware corporation; Otto A. Cheska, Harry A. Clark, James H. Clark, Thomas B. Moses, D. L. Frawley, Stewart F. Hancock, John J. Harding, Gustave L. Levy, Mrs. H. Paul Nulligan, William B. Paul, Stephen Rooth and Richard L. Rosenthal, Directors of the Defendant Union Chemical & Materials Corp., Paul Kitch, Plateau Natural Gas Company, a Colorado corporation, Drillers Gas Company, a Kansas corporation, John D. Murchison and Clint Murchison, Jr., as partners doing business as Murchison Brothers,
Defendants.

*New Castle—July 22, 1958.*

*Howard L. Williams* and *William F. Lynch, II,* of Morris, James, Hitchens & Williams, Wilmington, for plaintiff.

*Richard F. Corroon,* of Berl, Potter & Anderson, Wilmington, for moving defendants.

SEITZ, Chancellor: Plaintiff, a stockholder of Union Chemicals & Materials Corporation ("Union"), a Delaware corporation, commenced this action, partly derivative in nature, against Union and certain non-resident individual defendants. Union was served and appeared.

Two of the defendants, Kitch and Rosenthal ("defendants") have moved to dismiss the complaint as to them on the ground that they are non-residents of Delaware and no property belonging to them was seized pursuant to a sequestration served on Union on December 31, 1957. Plaintiff contends that the motion is premature.

In the affidavit which accompanied the motion for the sequestration order, there was no attempt to identify by reference to the corporate books any shares held by the defendants. Union's answer to the sequestrator's notice of seizure recited that no shares of stock were held in the names of the defendants.

Despite the answer filed on behalf of Union, plaintiff claims that he should be permitted to have discovery, in the form of interrogatories served on Union, to find out whether or not the defendants were beneficial shareholders at the date the notice of seizure was served. Based upon such information he might then be in a position to request the issuance of "an amended order of sequestration or other procedural device".

■ I think the plaintiff is laboring under a misconception as to the requirement of our sequestration statute. 10 *Del.C.* § 366. As the Supreme Court of Delaware stated in *Greene v. Johnston,* 34 *Del.Ch.* 115, 99 *A.2d* 627, 42 *A.L.R.2d* 906, the statute contemplates an effective seizure and there can be an effective seizure of equitable interests only where those interests appear of record or are identified with reasonable certainty in the court order.

■ Even if we assume that the defendants had beneficial interests in stock of Union at the date the notice of seizure was served, since those interests were not of record, this court would not have obtained jurisdiction under the sequestration statute unless those interests were sufficiently identified in the papers served upon Union to enable the corporation to make appropriate notations of the seizure on its books. See *Greene v. Johnston,* above. Since, admittedly, no such identification was contained in the affidavit, order of sequestration or notice served on Union and since defendants had no stock of record, it follows that on December 31, 1957, there was no effective seizure of possible beneficial interests of defendants.

■ Clearly the shares of Union are no longer subject to a new order of sequestration because, subsequent to the service of the sequestrator's notice, Union merged into a New Jersey corporation. Consequently, there could be no "new" seizure of defendants' stock in Delaware. I emphasize that we are not then concerned with the question of the right to discovery in aid of possible future effective process.

Since there was no effective seizure of any of defendants' property on December 31, 1957, and since there could not be a "new" seizure at least under the circumstances of this case, it follows that the defendants' motion to dismiss should be granted. Plaintiff does not suggest that in time jurisdiction might otherwise be obtained. Compare *Schwartz v. Miner,* 36 *Del.Ch.* 481, 133 *A.2d* 599.

I next consider the objection of the defendants, Clark, Moses, Harding and Nulligan, ("defendants"), to interrogatories served upon

Union. Incidentally, in Union's answer to the sequestrator, Nulligan is improperly spelled Nelligan.

These interrogatories are purportedly for the purpose of attempting to ascertain whether in fact these defendants were beneficial owners of Union stock at the date of the service of the sequestration. Plaintiff does not attack the defendants' right to make the motion. Plaintiff does not challenge Union's answer to the sequestrator that the defendants had no stock interest of record (except 10 preferred held by Moses). He wants to find out whether the defendants had some non-recorded beneficial interest. This can only be sought for the purpose of issuing some supplementary process. For the reasons given above in disposing of the prior motion I conclude that this cannot be done. Defendants' objections to the interrogatories are sustained. I need not consider the other grounds advanced by defendants.

Present order on notice.