JEFFERSON J. REBSTOCK,
Defendant Below-Appellant, Appearing Specially,

*vs.*

NETTIE M. LUTZ,
Plaintiff Below-Appellee,

and

LLOYD E. BOAS, J. JOHN BROUK, ROBERT A. HICKS, JAMES J. MULLEN, JR., DR. EARL RICE, W. MUNROE ROBERTS, JR., HILTON H. SLAYTON and HOVEY E. SLAYTON, LEO MODEL, ROLF R. ROLAND, FRUTZ MARKUS, ROBERT R. ROSENBERG, WALTER H. BERTON, WALTER S. MORRIS, ERWIN WOLFF, HERMAN H. STONE, STEPHEN M. JAQUITH, ELLIOTT D. FOX, JR., and FRANK L. THOMPSON, individually and as partners doing business under the firm name and style of MODEL ROLAND & STONE, JAMES S. STUBBS and HAROLD W. SMITH, SLAYTON ASSOCIATES, INC., and MANAGED FUNDS, INCORPORATED,
Defendants Below-Appellees.

*Supreme Court on Appeal, March 2, 1960.*

*James M. Tunnell, Jr.* and *Andrew B. Kirkpatrick, Jr.* of Morris, Nichols, Arsht & Tunnell, of Wilmington, for appellant.

*William E. Taylor, Jr.,* of Wilmington, for appellee Nettie M. Lutz.

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.

SOUTHERLAND, Chief Justice: This is a minority stockholder's suit seeking to redress wrongs alleged to have been committed by the directors against the corporation, Managed Funds, Inc. To obtain jurisdiction over the non-resident directors plaintiff sought and obtained under 10 Del.C. § 366 an order for sequestration of shares of stock of three specified Delaware corporations standing in the individual names of the defendants. The writ issued and the sequestration report was filed. It showed the seizure of certain shares of stock held by five of the defendants, including the defendant Jefferson J. Rebstock. Rebstock moved to vacate the seizure on various grounds. The Chancellor denied the motion and Rebstock appeals.

Defendant's first contention is that the complaint is one for equitable accounting, and that the process of sequestration under § 366 may not lawfully be used in such a suit. It is said that the equitable remedy of accounting requires (1) a determination whether a right to an accounting has been established, and (2) if it has been established an interlocutory order compelling the defendant to render an account. *Terry v. Stull,* 20 *Del.Ch.* 39, 46, 169 *A.* 739. (This is the ordinary procedure in a strict accounting suit, though it is not inflexible. Cf. *Consolidated Solubles Co. v. Consolidated Fisheries Co.,* 34 *Del.Ch.,* 551, 107 *A.2d* 639.)

Since this procedure contemplates an order on the defendant to file an account, it is said that his personal presence is required. If he defaults, no decree can be entered, and therefore no property of defendant can be sold because there is no judgment to satisfy. Since the property cannot be sold, it cannot be seized under § 366. *Wightman v. San Francisco Bay Toll Bridge Co.,* 16 *Del.Ch.* 200, 142 *A.* 783.

So runs the argument.

The contention that this suit is basically one for the equitable remedy of accounting is based entirely on the language of paragraph (b) of the prayers of the complaint. This paragraph reads:

"(b) Requiring the individual defendants and defendant Slayton Associates to account to Managed Funds for their profits and its losses";

This is a very slender reed indeed to support the argument that no jurisdiction exists to compel the defendants' appearance by seizure of their property. It will not stand up. Clearly, the word "account" is used in the broad sense of "pay." What the complaint looks to is a money judgment against defendants based on corporate wrongs. Equitable jurisdiction in such a case does not rest upon the equitable remedy of accounting; it rests upon the derivative nature of a stockholder's suit, which is cognizable only in equity. 13 Fletcher, *Cyclopedia Corporations,* § 5944. As the Chancellor said, a plaintiff in such a case may well make a showing without the necessity of the filing of an "account" in the technical sense. Such an accounting is not a necessary step in many such suits.

Defendants' argument is hardly more than a play on words.

We agree with the Chancellor that the seizure was authorized under § 366.

Defendants' other objections concern the alleged failure of plaintiff to comply with Chancery Rule 4(dd), Del.C.Ann. relating to service by publication and seizure. The parts of that rule here pertinent are as follows:

"(1) No order shall be entered under 10 Del.C. § 366 unless application therefor is accompanied by the affidavit of a plaintiff or other credible person stating:

"(a) * * *

"(b) The following information as to the property of each such defendant sought to be seized:

"(1) A reasonable description thereof.

"(2) The estimated amount and value thereof.

"(3) The nature of the defendant's title or interest therein; and if such title or interest be equitable in nature, the name of the holder of the legal title.

"(4) The source of affiant's information as to any of the items as to which the affidavit is made on information and belief.

"(5) The reason for the omission of any of the required statements.

\* \* \* \* \* \*

"(5) The court may in its discretion and subject to statutory requirements dispense with or modify compliance with the requirements of any part of this rule in any cause upon application to it stating the reasons therefor."

Defendant makes two objections to the sufficiency of plaintiff's affidavit.

1. It is said that plaintiff failed to comply with paragraph (1) (b) (2) of the rule, requiring that the affidavit shall state the estimated amount and value of the property of each defendant sought to be seized.

The affidavit alleges:

"Deponent cannot state or estimate the number of shares owned by each of the individual defendants and the defendants named as co-partners in Model, Roland & Stone because that

information is available only to the respective defendants or to the corporation whose shares are involved."

The Chancellor held that the affidavit supplied a reason for failure to specify the amount and value of the property and was therefore sufficient under paragraph (1) (b) (5), because in effect it gave the reason for failure to state the value. As the Chancellor said, if the plaintiffs were justified in saying that they did not have the required information they could not state the value.

Paragraph (1) (b) (5) contemplates just such a case.

Defendant argues that paragraph (5) of the rule, permitting the court in its discretion to dispense with or modify compliance with the requirements of any part of the rule, provides an exclusive means of excusing compliance. This construction is plainly incorrect. It would render (1) (b) (5) meaningless. The plaintiff may state a reason for non-compliance, in accordance with paragraph (1) (b) (5), and if on its face the reason is sufficient, the rule is complied with.

Plaintiff says that the Chancellor's construction makes paragraph (5) superfluous. Not so. Paragraph (1) (b) (5) deals only with the requirements of the four preceding sub-paragraphs; paragraph (5) deals with any part of the rule. See the remarks of the late Chancellor Wolcott in *Cantor v. Sachs,* 18 *Del.Ch.* 359, 389-392, 162 *A.* 73, 85. The two provisions (1) (b) (2) and (5) are in substance found in the original rule adopted by him. See Rule 193 of the 1917 rules.

2. It is said that plaintiffs failed to comply with the provisions of paragraph (1) (b) (3) of the rule, requiring the nature of defendant's title or interest to be stated.

The affidavit alleges:

"Upon information and belief the property of said defendants consists of shares of stock in Slayton Associates, Inc., and Managed Funds, Incorporated, and Christiana Oil Corporation.

As the Chancellor said, the reasonable inference is that the deponent was referring to shares standing in the names of defendants in

one or more of the corporations named. Plaintiff sought to seize only registered shares, as the order of sequestration shows.

Defendant says that the seizure of registered shares on the basis of a bare legal title may result in the seizure of property equitably owned by a third party. So it may; but that is one of the hazards of the separation of the legal and beneficial ownership. The shares so registered are seizable under the law. If the seizure is of the legal title only because the equitable title is in a third person, the parties have a remedy on application to the court.

Defendant criticizes the affidavit because the statement above quoted (that the property to be seized "consists" of shares of stock) is made to do double duty to comply with sub-paragraphs (1) and (3) of paragraph (1) (b).

Clearly the plaintiff was seeking to seize shares standing in the name of the defendant to which the defendant had legal title. This is made clear, as the Chancellor held, by the order of sequestration itself. The affidavit is not a jurisdictional but a procedural requirement. The entire rule is designed to curb "fishing expeditions," which would be permissible under the statute in the absence of restriction. *Cantor v. Sachs,* supra. The rule on its face contemplates a large measure of discretion by the Chancellor in its application. The order of sequestration must be submitted to him for his consideration and approval, and his approval signifies that he has found substantial compliance with the procedural requirements of the rule. Such a finding in this case was clearly within his discretion.

We agree with the Chancellor that there is nothing of substance in defendant's objections to the affidavit.

The order of the Court of Chancery of November 4, 1959, is affirmed.