207 A.2d 30 (1964)
Rose B. CHASHIN and Sylvia Friedman, Plaintiffs,
v.
Maxwell H. GLUCK, Stanley Roth, Sr., Eugene F. Roth, C. Louis Wood, Stanley M. Dorman, John Grimm, James M. Johnston, Robert W. Schiff, Saul Schiff and A. S. Beck Shoe Corporation, Defendants.
Court of Chancery of Delaware, New Castle.
December 30, 1964.
*31 Irving Morris and Joseph A. Rosenthal, of Cohen, Morris & Rosenthal, Wilmington, for plaintiffs.
Bruce M. Stargatt, of Morford, Young & Conaway, Wilmington, appearing specially for the defendants Maxwell H. Gluck, Eugene F. Roth, James M. Johnston and Saul Schiff.
MARVEL, Vice Chancellor.
The complaint herein, which was filed derivatively by alleged stockholders of A. S. Beck Shoe Corporation on June 23, 1964, seeks an accounting from individual director defendants for injuries allegedly caused such Delaware corporation as a result of transactions entered into between it and a corporation known as Grayson-Robinson Stores, Inc. The complaint alleges that the individual defendants, who were simultaneously directors of the defendant corporation as well as directors and in some instances officers of Grayson-Robinson, are guilty of breaches of fiduciary duty owed to the former by causing it to make unfair and improvident business arrangements with the latter for the purpose of benefiting Grayson-Robinson Stores, Inc. at the expense of A. S. Beck Shoe Corporation, and by otherwise bringing about a waste of the latter's assets through the drawing of excessive salaries and payment of improper legal fees.
The complaint is silent as to the residence of any of the individual defendants. However, on the day following the filing of the complaint plaintiffs filed a motion for an order of sequestration in which it is alleged that the defendants Maxwell H. Gluck, Eugene F. Roth, James M. Johnston, and Saul Schiff are non-residents of Delaware. Attached to such motion was the affidavit required by Rule 4(dd), Del.C. Ann., in which the non-residence of each such defendant was averred and the last known address of each given. Upon the filing of such motion and affidavit, these papers together with the complaint were presented to the Court and an order of sequestration in the usual form issued.
On August 10, 1964, the defendants Maxwell H. Gluck, Saul Schiff, and James M. Johnston, appearing specially, moved to vacate sequestration of property purportedly owned by them in Delaware on the grounds that the order of sequestration issued in this case violates 10 Del.C. § 366. Such motion also advances the secondary contention that insofar as property of the defendant Johnston was sought to be seized the purported sequestering of shares of stock held in the name of a partnership known as Johnston, Lemon & Co., in which the defendant Johnston is allegedly a partner, was violative of 6 Del.C. § 1525(b) (3), a section of the Delaware Uniform Partnership Law which restricts attachments and executions against specific partnership property to claims against the partnership itself.
*32 In support of their motion to vacate the sequestration in its entirety, the specially appearing defendants stress the fact that 10 Del.C. § 366 provides in part as follows:
"(a) If it appears in any complaint filed in the Court of Chancery that the defendant or any one or more of the defendants is a non-resident of the State of Delaware, the Court may make an order directing such non-resident defendant or defendants to appear by a day certain to be designated."
Because plaintiffs' original complaint omitted any reference to the residence of the individual defendants, and so failed to comply with the statute, defendants seek to set aside the present sequestration, citing Cantor v. Sachs, 18 Del.Ch. 359, 162 A. 73 for the proposition that a plaintiff seeking equitable relief against non-residents must bring his case within the plain purview of 10 Del.C. § 366 in order to avail himself of its benefit. However, while the cited case so holds, it is basically authority for the proposition that a derivative suit such as this may be maintained against directors by stockholders when action by the corporation can not be reasonably anticipated and that the property of non-resident directors seized under the statute in such a case is ultimately subject to sale for the benefit of their corporation. Stated simply, the precise point raised by the first part of defendants' motion is whether or not plaintiffs' failure to set forth in their complaint that the moving defendants are non-residents vitiates the seizure of their property in Delaware notwithstanding the fact that information as to such non-residence was set forth in plaintiffs' motion for an order of sequestration. In support of their contention, defendants cite Dulles v. Dulles, 180 Pa.Super. 598, 119 A.2d 577, a case arising under the Pennsylvania foreign attachment statute. This case holds that the failure to aver non-residence in an original complaint is a fatal jurisdictional defect. Defendants therefore argue that the corrective amendment filed by plaintiffs after the filing of defendants' motion could not remedy a fatal flaw in the original complaint. In other words, defendants contend that an allegation of non-residence in a complaint in which sequestration is thereafter sought is a matter of substance and not merely of procedure and that such a basic defect can not be cured by amendment. Defendants do not discuss the effect, if any, on the seizure under attack of plaintiffs' compliance with Rule 4(dd). In my opinion, however, Rule 4(dd) can not be ignored. The holding in the Dulles case, namely that an averment of non-residence must be made in a complaint as originally filed, must be read in the light of the Pennsylvania practice which provides for the issuance of writs of foreign attachment by the Prothonotary. Under Delaware Chancery practice, on the other hand, the Judge acts in limine. That is to say: "* * * No order shall be entered under 10 Del.C. § 366 unless application therefore is accompanied by an affidavit stating * * *" inter alia the last known address of each non-resident defendant whose appearance is sought to be compelled. See Rule 4(dd). And while other requirements of the affidavit pertaining to a description of the property to be seized and its estimated amount and value have been held to be procedural and not jurisdictional, Rebstock v. Lutz, 39 Del.Ch. 25, 158 A.2d 487, nonetheless, any order entered by this Court on a motion for sequestration against any one other than a nonresident defendant would be a nullity. In other words, before entering an order of sequestration, the Court, in addition to determining that plaintiffs have complied substantially with the procedural requirements of Rule 4(dd), must necessarily satisfy itself that a defendant whose property is sought to be seized is a non-resident. This having been done here on the basis of plaintiffs' moving papers, I do not think that the omission of such information from the complaint itself is a fatal defect. In Breech v. Hughes Tool Co. (Sup.Ct.Del.) *33 189 A.2d 428, 429, the Supreme Court of Delaware declined to give a rigid reading to the word "complaint" in construing 10 Del.C. § 366, and, in refusing to apply the rule that a statute in derogation of the common law should be strictly construed, characterized the attachment of a non-resident's property as "* * * merely one of many instances of permissible forceful interferences with property * * *", citing Blaustein v. Standard Oil Co., 4 Terry 449, 49 A.2d 786.
In view of the conclusions above reached, it is unnecessary to consider the effect of plaintiffs'[1] amendment on the sequestration here under attack. Defendants' motion to vacate in toto the sequestration here made will be denied.
As noted above, objection is also made to the seizure of stock of Pepsi-Cola Bottling Company of Long Island, Inc. held in the name of Johnston, Lemon & Co., a partnership, it being contended that such property is not subject to attachment or execution under Delaware law, 6 Del.C. § 1525 (b) (3). The purported sequestration here under attack resulted from the seizure by the sequestrator of "* * * all right, title and interest of the aforesaid defendants in all of said shares which the aforesaid defendants respectively, own, directly or indirectly, and/or in which they have any interest, beneficial or otherwise * * *".
In response to such notice of the sequestrator, the transfer agent for Pepsi noted nine shares of stock registered in Mr. Johnston's name, further reporting that:
"Our records disclose that there are 7,191 shares in the name of Johnston, Lemon & Co., 900 Southern Building, Washington 5, D. C. We have no information whatsoever as to whether or not these shares are owned individually, beneficially or otherwise by the said James M. Johnston."
Defendants take the position that the shares so registered are partnership property which can not be "attached" under Delaware law except on a claim against the partnership property. Plaintiffs, in reply, argue that the restrictions of section 1525(b) (3) of the Delaware Uniform Partnership Act do not apply to foreign attachments (4 American Jurisprudence, Attachment and Garnishment, § 28) and that sequestration is primarily designed merely to compel appearance, Sands v. Lefcourt Realty Corporation, 35 Del.Ch. 340, 117 A.2d 365. Plaintiffs further argue that regardless of the proper purpose of the section of Delaware Uniform Partnership Act here involved, the partnership in question is located in Washington, D. C. and that they should be allowed to inquire into the terms of the actual partnership agreement and the laws controlling its operation before defendants' motion is considered on its merits.
In an affidavit filed by the defendant Johnston he states that Johnston, Lemon & Co. is a partnership under the laws of the District of Columbia actively engaged in the stockbrokerage and investment banking business and that such partnership "* * is not the beneficial owner of all of the stock of Pepsi-Cola Company of Long Island, Inc. sequestered by the plaintiff in the action * * *". It may well be that Mr. Johnston has no beneficial interest in any of the shares of Pepsi-Cola stock here involved which is subject to sequestration under the Delaware statute, but at this juncture it would be premature to release them from sequestration absent Mr. Johnston's appearance. Compare Steinberg v. Shields, 38 Del.Ch. 423, 153 A.2d 599.
Defendants' motion to vacate sequestration of shares of stock held by the firm of Johnston, Lemon & Co. will be denied without prejudice.
Order on notice.
NOTES
[1] Significantly, Rule 1265 (Appendix, Title 12 Pa.Stat.) was amended in 1958 to permit the type of amendment denied in the Dulles case.