210 A.2d 855 (1965)
Maxwell H. GLUCK et al., Defendants Below, Appellants,
v.
Rose B. CHASHIN et al., Plaintiffs Below, Appellees.
Supreme Court of Delaware.
May 27, 1965.
Bruce M. Stargatt and Ben T. Castle, of Morford, Young & Conaway, Wilmington, for appellants Gluck, Schiff and Johnston, and John A. Beck, of Frost & Towers, Washington, D. C., of counsel, for appellant Johnston.
Irving Morris and Joseph A. Rosenthal of Cohen, Morris & Rosenthal, Wilmington, for appellees.
WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.
*856 WOLCOTT, Chief Justice.
This is an appeal from the denial by the Court of Chancery of the individual defendants' motion to vacate the sequestration of shares of stock in Delaware corporations.
This is a derivative stockholders' action in which jurisdiction over the individual defendants was sought through sequestration. Purportedly seized by the ex parte order of sequestration were shares in the A. S. Beck Shoe Corporation registered in the names of the defendants, Gluck and Schiff; 109 shares of Pepsi-Cola Bottling Company of Long Island, Inc. registered in the name of the defendant, Johnston, and 7,191 Pepsi-Cola shares registered in the name of Johnston, Lemon & Co., in which partnership the individual defendant, Johnston, is a general partner. The individual defendants appeal.
All of the defendants are non-residents of the State of Delaware but there is no allegation to that effect in the complaint, although when application was made for an ex parte order of sequestration it was accompanied by an affidavit in which the non-residency of the defendants was alleged.
Appearing specially by leave of court the individual defendants moved to vacate the seizure of stock pursuant to the Vice Chancellor's order.
Initially, the defendants attack the seizure of all of the shares sequestered on the ground that the complaint is fatally defective in that it does not contain an allegation of non-residency of the defendants. Secondly, the defendant, Johnston, moves to vacate the sequestration of the shares of *857 Pepsi-Cola standing in the name of the partnership in which he is a general partner. The basis of this motion is 6 Del.C. § 1525(b) (3), providing that a partner's right in specific partnership property is not subject to attachment or execution.
We first consider the argument based upon the failure of the complaint to contain an allegation of non-residency of defendants whose property is sought to be sequestered in order to compel an appearance.
The seizure was made pursuant to 10 Del. C. § 366(a) which provides:
"If it appears in any complaint filed in the Court of Chancery that the defendant or any one or more of the defendants is a non-resident of the State of Delaware, the Court may make an order directing such non-resident defendant or defendants to appear. * * The Court may compel the appearance of the defendant by the seizure of all or any part of his property, * * *."
In denying the motion to vacate the sequestration for failure to comply with § 366, the Vice Chancellor held that the failure of the complaint to include an allegation of non-residency had been cured by the affidavit accompanying the motion for an order of sequestration.
The argument made in opposition to the Vice Chancellor's action at first glance is an extremely narrow and technical one, but we think, nevertheless, it is proper and requires a reversal of the order refusing to vacate the order of sequestration.
In Cantor v. Sachs, 18 Del.Ch. 359, 162 A. 73, in applying what is now 10 Del.C. § 366, the Chancellor ruled that that statute undertook to provide for equity a procedure analogous to that of foreign attachment at law which had always been strictly construed by the law courts. He further held that, apart from the statute, equity in Delaware had no procedure comparable or analogous to foreign attachment. If, therefore, a complainant sought to seize in limine a defendant's property to compel an appearance or to satisfy a final decree, it was necessary that the bring his case within the plain scope of the statute, and if this was not done any seizure made must be vacated.
We think the rule in the Cantor case clearly is to the effect that no sequestration may be had in Chancery unless the plaintiff by his complaint brings himself within the terms of the statute so as to confer upon the court the power to seize property to compel an appearance. Cantor v. Sachs has been cited with approval subsequent to the date of its decision, not precisely upon the point before us, but in approval of the analogy between foreign attachment at law and sequestration in equity. Sands v. Lefcourt Realty Corp., 35 Del.Ch. 340, 117 A.2d 365.
We think, therefore, that unless the precise requirements of the statute are complied with, there may be no order of sequestration. The statutory language is plain on its face and requires the fact of non-residency to be alleged in the complaint. The language of § 366 admits of no other meaning and, consequently, we think the failure to make the required allegation defeats the right to an order of sequestration.
After the filing of the motion to vacate the sequestration, plaintiffs amended their complaint to supply the omitted allegation. It is argued that under Rule 15(c) of the Court of Chancery, Del.C.Ann., this amendment relates back to the time of filing the complaint and, thus, the deficiency is cured. We think, however, that such is not the fact, for Rule 15(c) providing that an amendment to a complaint relates back to the date of filing of the complaint, refers only to matter which "arose out of the conduct, transaction or occurrence set forth." The fact of the residency of the individual defendants cannot be said to have arisen out of the original occurrence complained of.
*858 The plaintiffs argue that the former holding of the court in the Cantor case, to the effect that the statute must be strictly complied with in order to obtain seizure of a non-resident's property, was dependent upon the rule that statutes in derogation of the common law must be strictly construed, and that such rule has no particular pertinency today. To be sure, in In Re Klingaman's Estate, 36 Del.Ch. 200, 128 A.2d 311, we so stated, but this, we think, does not permit a court to indulge in a judicial amendment of clear statutory language requiring the doing of a certain act before any rights accrue to the doer, even though it may be thought that strict compliance with the statutory requirements is in fact a futile flourish.
Nor, we think, does Breech v. Hughes Tool Co., Del., 189 A.2d 428, assist the plaintiffs, although they rely strongly upon it. In the Breech case we held that a defendant being sued for mismanagement of a corporation of which, at one time, he was in control, could in turn file a counterclaim naming four additional defendants to the counter-claim and compel their appearance by sequestration of their property. In that case it was argued that a counterclaim was not a "complaint" within the meaning of 10 Del.C. § 366.
We refused to follow the argument made in opposition to the sequestration and held that in substance a counter-claim, particularly as regards additional defendants, is in fact a complaint, and the counter-claiming defendant, a plaintiff. We therefore refused to vacate the sequestration on the ground that to do so would mean merely circuity of action since the defendant could immediately institute an independent action against the defendants to the counter-claim and move to consolidate the two for trial.
We think, however, this is entirely different from an absolute failure on the part of a party seeking to seize property of a defendant to compel an appearance to comply with the basic requirement of the statute that the non-residency of such defendant shall appear in the complaint. If it is indeed true that the statutory requirement serves no useful purpose, it is not for the courts to remove that requirement from the statutory commandment. Any such removal is a matter for action by the General Assembly.
It thus follows that all of the sequestrations before us must be vacated, which means that we do not reach the second point raised by the defendant, Johnston; namely, that the shares of stock standing in the name of the partnership of which he is a member are not subject to sequestration in an action brought against him individually.
Furthermore, it is at best doubtful that the Vice Chancellor has passed upon the point since he denied the motion to vacate without prejudice to its renewal, apparently on the ground that there was no showing as to what beneficial interest, if any, Johnston had in the shares.
By reason of the failure of the complaint to disclose the non-residency of the individual defendants, the order below denying the vacation of the order of sequestration is reversed.