Richard B. YANCEY, Individually and as Executor, Trustee, Administrator c. t. a. of the Estate of Philo B. Yancey, Deceased, Plaintiff,

v.

E. I. duPONT de NEMOURS AND COMPANY, a Delaware corporation, National Trust Company, Ltd., a Canadian corporation, Raymond C. Dougherty, Jean Yancey Paterson, Defendants.

Court of Chancery of Delaware.

New Castle.

May 10, 1968.

On Motion for Reargument May 24, 1968.

William D. Bailey, Jr., Bayard, Brill, Russell & Handelman, Wilmington, for plaintiff.

Henry W. Bryan, Wilmington, for defendant E. I. duPont de Nemours and Co.

Richard L. McMahon, Potter, Anderson & Corroon, Wilmington, for non-resident defendants.

MARVEL, Vice Chancellor:

The plaintiff in this case sues individually as well as in his capacity as an executor, trustee and administrator[1] c. t. a. of the estate of his father, Philo B. Yancey, who died a resident of Montreal, Canada. The non-resident defendants National Trust Company, Limited, Raymond C. Dougherty and Jean Yancey Paterson are all residents of or domiciled in Montreal, Province of Quebec, Canada. The stock certificates representing the shares of the defendant E. I. DuPont de Nemours and Company here in issue are also in Montreal in the custody of the non-resident defendants. In fact, no tangible asset of the Yancey estate, other than two family crypts in Virginia and real estate in Oregon valued at $1,500, is located in the United States.

The complaint alleges, as indicated above, that included in the assets of the late Philo B. Yancey's estate are 300 shares of stock of the defendant E. I. duPont de Nemours and Company, the situs of which for attachment purposes is, of course, Delaware, 8 Del.C. § 169. Upon the filing of the complaint, these shares were ordered seized under authority of

[1]. Following probate of the will of Philo B. Yancey in the Superior Court of the Province of Quebec on May 5, 1942, and the qualification of executors and trustees in that jurisdiction, plaintiff and the defendant National Trust Company, Limited, were appointed administrators c. t. a. of the Yancey estate by the Circuit Court of Rockingham County, Virginia. On January 12, 1965, however, the appointment of said National Trust Company, Ltd. was declared void *ab initio* by the Virginia court.

Title 10 Del.C. § 366 for the avowed purpose of compelling the appearance in this action of plaintiff's Canadian co-executor-trustees to answer charges made by plaintiff concerning their handling of the assets of the Philo B. Yancey estate. Plaintiff specifically seeks injunctive relief against any attempted transfers by the non-resident defendants of the aforementioned shares of E. I. duPont de Nemours and Company stock without plaintiff's consent in his capacity as co-executor and co-trustee of his father's estate.

The February 16, 1965 order entered herein under the provisions of Title 10 Del.C. § 366 (which was, of course, entered ex parte) recited in part " * * * it appearing that Raymond C. Dougherty, Jean Yancey Paterson and National Trust Company, Limited, a Canadian corporation, are each non-residents of the State of Delaware having property in the State of Delaware * * *", thus reciting a basis for the issuance of a so-called order of sequestration. And while plaintiff's affidavit in support of his motion for an order of sequestration did recite that

" * * * The property of the said defendants consists of Three Hundred (300) shares of the common stock of E. I. du Pont de Nemours, a Delaware corporation, held by them together with the plaintiff, as Executors, and Trustees of Philo B. Yancey, deceased * * *", it is clear that the order in question was entered on the theory that the non-resident defendants were "owners" of the duPont shares in question, the order under attack having empowered the sequestrator " * * * to seize and hold, pursuant to the terms of this Order the property of said individual defendants, Raymond C. Dougherty, Jean Yancey Paterson and National Trust Company, Ltd. * * *."

However, in response to the sequestrator's notice of seizure of the 300 shares of stock referred to in plaintiff's moving papers, the transfer agent of the E. I. duPont de Nemours and Company designated " * * * the following described shares of stock owned or standing in the names of Raymond C. Dougherty, Jean Yancey Paterson and National Trust Company, Limited:

"Common Stock $5 Par Value

| Name | Date of Issue | Certificate Number | Shares |
|---|---|---|---|
| Estate of Philo B. Yancey, National Trust Company, Limited, Richard B. Yancey, John M. Yancey and Raymond Charles Dougherty, Executors. 225 St. James Street, West Montreal 1, Quebec, Canada | 8/12/49 8/12/49 8/12/49 | N175742 N175743 N175744 | 100 100 100 |
| National Trust Company, Limited % Trust Department 20 King Street, East Toronto 1, Ontario, Canada" | 10/3/51 | N229806 | 100 |

———◆———

On November 29, 1965, one hundred of the sequestered duPont shares were released from seizure by stipulation of counsel, it appearing that said shares were in fact an asset of another trust. However, such stipulation reserved the matter of the validity of the sequestration of the remainder of the duPont stock involved for

Court determination. I am satisfied that the non-resident defendants did not thereby make a general appearance, Schwartz v. Miner, 36 Del.Ch. 481, 133 A.2d 599. Said stipulation also corrected the caption of the case so as to set forth the fact that the non-resident defendants were being sued not only in their individual capacities but also in their capacity as executors and trustees of the Philo B. Yancey estate. But see Gluck v. Chashin, 42 Del. Ch. 325, 210 A.2d 855.

Prior to the entry of such stipulation and order therein, the non-resident defendants had moved to vacate and quash the sequestration order of February 16, 1965 and to dismiss the complaint, such defendants contending, insofar as their attack on the order of sequestration is concerned, that they had no property interest in the seized duPont stock at the time they were seized, inasmuch as said shares are held for the benefit of the Philo B. Yancey trust. These same defendants, in moving to dismiss the complaint, contended that sale of the seized shares of stock under the provisions of Title 10 Del.C. § 366 would serve no useful purpose insofar as the effectuation of plaintiff's claims is concerned and that this Court does not have jurisdiction over the administration of a Canadian trust. The defendant E. I. duPont de Nemours and Company, in moving to dismiss the complaint, relied on grounds of lack of jurisdiction of the subject matter and comity. Such latter motion, however, has not been brought on for argument.

Inasmuch as the Delaware property here seized has been clearly shown not to be owned by the non-resident defendants, I have no doubt but that its seizure pursuant to the Court's order of February 16, 1965 was in result a nullity. In other words, the action of the sequestrator in seizing duPont stock "owned" by the non-resident defendants as trustees and executors of the Philo B. Yancey estate and "* * * all their respective right, title and/or interest, with all the rights belonging or appertaining to such shares * * *" seized nothing, because the order under attack presupposed that such non-resident defendants had a personal property interest in the shares so ordered to be seized. The return of the E. I. duPont de Nemours and Company to the effect that the non-resident defendants hold duPont stock as fiduciaries and not as individuals is conclusive inasmuch as plaintiff has failed to cast any doubt on the accuracy of such report.

The motion of the non-resident defendants to vacate and quash this Court's order of sequestration of February 16, 1965 will be granted for the reasons above stated. Compare Schwartz v. Miner, supra, and Rebstock v. Lutz, 39 Del.Ch. 25, 158 A.2d 487. No basis having been established for compelling the appearance herein of the named non-resident defendants, there is no reason to consider the pending motions to dismiss.

An appropriate order may be submitted on notice.

## ON MOTION FOR REARGUMENT

Because the papers before me in this case satisfied me that the non-resident defendants had no beneficial interest in the shares of duPont stock seized by the sequestrator, I granted such defendants' motion to vacate and quash such sequestration.

There is nothing in plaintiff's motion for reargument which persuades me to the contrary. In fact, 33 C.J.S. Executors and Administrators § 299b, a text relied on by plaintiff in support of his pending motion, is authority for the proposition that a fiduciary acquires no beneficial interest in estate personalty held by him.

Plaintiff's motion for reargument will be denied, and an appropriate order may be presented on notice.