Richard B. YANCEY, individually and as Executor, Trustee, Administrator c. t. a. of the Estate of Philo B. Yancey, deceased, Plaintiff Below, Appellant,

v.

NATIONAL TRUST COMPANY, Ltd., a Canadian corporation, Raymond C. Dougherty, Jean Yancey Paterson, individually and as Executors and Trustees of the Last Will and Testament of Philo B. Yancey, and E. I. Du Pont De Nemours and Company, a Delaware corporation, Defendants Below, Appellees.

Supreme Court of Delaware.

March 6, 1969.

William D. Bailey, Jr., of Bayard, Brill & Handelman, Wilmington, for appellant.

Richard L. McMahon, of Potter, Anderson & Corroon, Wilmington, for National Trust Co., Ltd., Raymond C. Dougherty, and Jean Yancey Paterson, appellees.

Henry W. Bryan, Wilmington, for E. I. duPont de Nemours and Co., appellee.

WOLCOTT, C. J., and CAREY, J., and QUILLEN, Judge, sitting.

WOLCOTT, Chief Justice.

The plaintiff, Richard B. Yancey, appeals from an order of the Court of Chancery quashing the sequestration of common stock of the duPont Company.

The facts are, as alleged by the plaintiff, that Philo B. Yancey died a resident of Montreal, Canada. His will, establishing testamentary trusts, was admitted to probate in the Province of Quebec, Canada, in 1942.

Richard B. Yancey, National Trust Company, Limited, Edward B. Yancey, and John M. Yancey, qualified in the Province of Quebec as co-executors and co-trustees of the Estate of Philo B. Yancey, deceased. Prior to August 14, 1942, Edward B. Yancey resigned as an executor and trustee, and was replaced by Raymond C. Dougherty. Subsequently, John M. Yancey died and was replaced by Jean Yancey Paterson

as an executor and trustee. All of the presently serving executors and trustees are domiciled in Canada with the exception of Richard B. Yancey, the plaintiff, who is domiciled in the State of Virginia.

The bulk of the assets of Philo B. Yancey, deceased, were and are located in Canada, but he died owning two burial crypts in Virginia; Oregon real estate valued at $1500.00, and shares of duPont stock, the certificates for which, at the time of his death, were in the vault of Wilmington Trust Company at Wilmington, Delaware.[1]

The answer of the duPont Company's transfer agent shows the duPont shares to be registered on the stockholder ledgers of the duPont Company in the name of "Estate of Philo B. Yancey, National Trust Co., Ltd., Richard B. Yancey, Jean Y. Paterson, and Raymond C. Dougherty, Executors."[2]

Against the will of the plaintiff, the duPont stock certificates were removed from Wilmington to Canada. An attempt was made to transfer them on the records of the duPont Company, but was forestalled by the sequestration. On information and belief, the plaintiff asserts that National Trust Co., Ltd. has allocated this stock to the testamentary trust under the will of Philo B. Yancey established for his benefit, and to the trust for the benefit of Mrs. Lillian Yancey, domiciled in Mexico. The beneficiaries of all the testamentary trusts are: Richard B. Yancey of Virginia; Mrs. Jean Y. Paterson of Canada; Mrs. Lillian Yancey of Mexico, and Mrs. Jessie Yancey of Canada.[3]

Following the attempt to transfer title of the duPont stock, the plaintiff filed this action naming as defendants the three foreign co-executors and co-trustees of the Estate of Philo B. Yancey, deceased, and also the duPont Company. The action seeks to enjoin the transfer of title of the stock without the assent of the plaintiff, and also seeks an accounting from the foreign defendants of the assets of the estate they have caused to be removed from Delaware.

Personal service was obtained on the duPont Company. The appearance of the Canadian defendants was sought to be coerced by the sequestration, under 10 Del. C. § 366, of the duPont stock registered in the name of the estate, the situs of which, by reason of 8 Del.C. § 169, is in Delaware despite the removal of the certificates to Canada. An order of sequestration was entered and the stock seized pursuant to it.

Following the stock seizure, the Canadian defendants appeared specially and moved to quash the sequestration on the ground, *inter alia,* that they had no property interest in the shares which are registered in their names as executors. The Vice Chancellor quashed the sequestration on this ground; i. e., the nonresident defendants had no beneficial interest in the shares. Yancey v. E. I. duPont de Nemours & Company, Del.Ch., 243 A.2d 75.[4]

Richard B. Yancey, plaintiff here and one of the Canadian co-executors, residing in Virginia, qualified in that state along with National Trust Company, Ltd. as ancillary administrator c. t. a. of the Estate of Philo B. Yancey. Later, the

---

1. At the time of his death, Philo B. Yancey also owned General Motors stock, the certificates evidencing which were also in Delaware, but this stock, over the objection of plaintiff, has been transferred to the testamentary trusts.

2. The plaintiff alleges in his complaint that the stock was registered in the Estate and the names of the individuals as "Executors and Trustees" but, in fact, the names of the individuals appear solely as "Executors".

3. No copy of Philo B. Yancey's will is in the record. Accordingly, the number of testamentary trusts and the respective interests of the beneficiaries is presently unknown.

4. The duPont Company moved to dismiss the complaint on the grounds of lack of jurisdiction of the subject matter and comity. This motion was not brought on for argument and is not before us.

appointment of National Trust Company, Ltd. was declared void *ab initio*. Richard B. Yancey has also qualified as ancillary administrator c. t. a. in Delaware.

The gravamen of the complaint is that plaintiff as sole executor and trustee residing in the United States may be subjected to personal liability under U.S. Treasury regulations for estate taxes imposed on the Estate of Philo B. Yancey to the extent of the value of the Yancey Estate assets located in the United States at the time of the death of Yancey. No steps have been taken to comply with the Treasury regulations, and plaintiff alleges that if the duPont stock is removed to Canada, the remaining assets of the estate in the United States will be insufficient to discharge any possible tax assessment. He alleges that in that event he would become personally liable for such tax.

The precise question before us in this appeal is the nature of the title and interest in the seized stock of the defendants.

The sequestration order here under consideration directed the seizure of "all shares [of duPont stock] standing in the name of each or any of said individual defendants [naming them] and National Trust Company, Limited, or in or to which each or any of them may have or hold any right, title or interest."

Defendants contend that direction to seize the interest of the "individual defendants" necessarily precludes the seizure of shares held in a fiduciary capacity. It can be argued that the defendants' position in this regard is too technical. Cf. Lutz v. Boas, 38 Del.Ch. 563, 156 A.2d 96. The reason the description of the sequestration order must be made with some particularity is to protect the corporation when it enters a stop transfer order against the sequestered stock and to protect the interest of innocent third parties. Greene v. Johnston, 34 Del.Ch. 115, 99 A.2d 627, 42 A.L.R.2d 906; Cannon v. Union Chemical & Materials Corp., 37 Del.Ch. 399, 144 A.2d 145.

There is no issue presented in this case involving such interest of the corporation or of innocent third parties. Thus, we need not decide the precise particularity with which the sequestration order herein should have described the stock to be seized.

■ Even assuming that the sequestration order was technically defective in that it ordered the seizure of the defendants' individual property and not property held by them in a fiduciary capacity, that technical defect was cured by the response of the transfer agent of the duPont Company, and the recording of a stop transfer order against the fiduciary stock, which was the stock in fact intended to be sequestered. The defendants were not prejudiced since the complaint, motion and affidavit leave no doubt as to the capacity in which they are being sued and a stipulation of the parties dated November 29, 1965 amending the caption of the cause acknowledges expressly the capacity in which they are being sued.

■ It appears from the duPont Company's return to the sequestration order that they hold title to the stock as co-executors. As such, they hold both legal and equitable title for the purpose of settling the estate, subject, of course, to the inchoate right of the ultimate beneficiaries of the will. 4 Page on Wills (3rd Ed.), § 1586; In re Spicer's Estate, 13 Del.Ch. 430, 120 A. 90. The interest of executors in the personal property of their decedent is therefore properly subject to sequestration, since they hold both the legal and equitable interests.

■ Basically, the Vice Chancellor vacated the sequestration because the nonresident defendants had no beneficial interest in the property. It is generally true that stock to which a nonresident holds only bare legal title will be released from sequestration on application of the beneficial owners, but it nevertheless may be seized initially. Rebstock v. Lutz, 39 Del. Ch. 25, 158 A.2d 487.

In this case, we are dealing with potential claims against the estate, including a potential claim for Federal estate taxes. The plaintiff, as co-executor, has a fiduciary obligation to see that *bona fide* claims against the estate are paid and, as long as potential claims, particularly estate tax claims, exist, he faces possible individual liability for such claims. In this context, it may make no difference whether the fiduciaries hold equitable title as well as legal title. *Bona fide* claims against the estate may have priority over all beneficiaries. It is, of course, true that potential claims against the estate may have been lost due to the passage of time. On the other hand, it is equally possible, particularly when dealing with the tax laws, that the Government does not lose its claim by the passage of time nor by the transfer of the assets to the ultimate beneficiaries.

The record in the present case does not deal with these questions at all since they were never reached due to the quashing of the sequestration. To the extent that the sequestration was quashed due to the fact that the fiduciaries held only bare legal title, such quashing was in error because the return of the duPont Company shows the stock was held by the executors, and because the complaint asserts sufficient facts to indicate a possible estate creditor interest which could have priority over the interest of the ultimate beneficiaries. The order vacating the sequestration must therefore be reversed.

We point out that the defendants, including the duPont Company, raised below and before us other grounds for the dismissal of the complaint, viz., (1) that sequestration is not available in an action of this nature; (2) that the Court of Chancery has no jurisdiction over the subject matter of this action, and (3) that under principles of comity, or *forum non conveniens,* the Court of Chancery should refuse to exercise jurisdiction even if it has it.

None of these questions are properly before us since they were not ruled upon by the Vice Chancellor. We accordingly express no opinion upon them. The parties are free to raise them anew upon the remand if that becomes necessary.

The judgment below is reversed and the cause remanded for further proceedings.