Richard B. YANCEY, Individually and as Executor, Trustee, Administrator c. t. a. of the Estate of Philo B. Yancey, deceased, Plaintiff,

v.

NATIONAL TRUST COMPANY, Ltd., a Canadian corporation, Raymond C. Dougherty, Jean Yancey Paterson, Individually and as Executors and Trustees of the Last Will and Testament of Philo B. Yancey, and E. I. DuPont De Nemours and Company, a Delaware corporation, Defendants.

Court of Chancery of Delaware,
New Castle.
April 11, 1969.

---

1. See page 3 of eligibility rules of Carpenters Local Union No. 626 Welfare Fund (exhibit A to DiMauro affidavit).

William D. Bailey, Jr., of Bayard, Brill & Handelman, Wilmington, for plaintiff.

Richard L. McMahon, of Potter, Anderson & Corroon, Wilmington, for the defendants National Trust Co., Ltd., Raymond C. Dougherty, and Jean Yancey Paterson.

Henry W. Bryan, Wilmington for defendant E. I. duPont de Nemours and Co.

MARVEL, Vice Chancellor:

Plaintiff, a domiciliary of Virginia, is one of the executors and trustees named in the will of Philo B. Yancey, his father, who died in Montreal, Canada, on April 21, 1942. Plaintiff claims that at the time of his father's death a certificate for 300 shares E. I. duPont de Nemours and Company stock was deposited in a vault at the Wilmington Trust Company, Wilmington, Delaware. The complaint goes on to allege that late in 1942 or early in 1943 this certificate and other assets of the Philo B. Yancey estate were removed from the United States to Canada by National Trust Company, Ltd. of Montreal, another executor and trustee named in Philo B. Yancey's will, which was probated in the Province of Quebec on May 5, 1942, where the executors and trustees named in Mr. Yancey's will qualified. The complaint goes on to allege that thereafter, in return for an agreement on the part of National that no action would be taken concerning the administration of the Philo B. Yancey estate without the approval of the other executors and trustees including plaintiff, the latter agreed to the appointment of the defendant Raymond C. Dougherty, a Canadian national, to succeed plaintiff's brother, Edward, as an executor and trustee of the estate. Another brother of plaintiff's, namely John M. Yancey, having been succeeded at an earlier date as an executor and trustee by his sister, Jean Yancey Paterson, also a domiciliary of Canada, upon Raymond C. Dougherty's appointment, plaintiff became the only executor and trustee of the Yancey estate who was not domiciled in Canada.

Notwithstanding the alleged agreement to the effect that plaintiff's approval was to be a prerequisite to any action taken in reference to Yancey estate matters, according to the complaint, shares of General Motors Corporation held in plaintiff's name as well as in the names of Mr. Dougherty, Mrs. Paterson, and of National, were caused to be transferred to the names of plaintiff and Lillian Yancey without plaintiff's prior assent on February 9, 1965. The complaint alleges that plaintiff has reason to believe that a similar transfer of title to the duPont stock above referred may take place unless this Court grants injunctive relief.[1] And because he is the only executor and trustee of the Yancey estate resident in the United States [2] plaintiff is concerned about the

---

1. The order of sequestration entered herein on February 16, 1965, has, in the meantime, had the effect of "freezing" said shares in the hands of the sequestrator.

2. Plaintiff has also qualified as ancillary administrator c.t.a. in Delaware.

possibility of incurring personal liability for federal and state taxes which may be assessed by the United States and the Commonwealth of Virginia against such estate.[3] Excluding the duPont stock here involved, the assets of the Yancey estate having a situs in the United States have a minimal value.

The complaint seeks an order directing the Canadian defendants to desist from taking any action concerning the Philo B. Yancey estate in the absence of plaintiff's assent and that the defendant duPont be similarly directed not to transfer any of the duPont Company stock held in the Yancey estate without plaintiff's prior approval. The complaint also asks that the defendant National be directed to account for assets of the Yancey estate which it has caused to be removed from Delaware. In addition, however, as noted above, plaintiff seeks this Court's aid in his effort to keep the shares of duPont stock in issue available for application to possible estate liabilities which may be assessed against plaintiff.

It is now the law of this case[4] that on the basis of the interest in 300 shares of duPont Company stock held by the Canadian defendants in their capacity as executors of the Philo B. Yancey estate an effective seizure of said shares was made by the Court-appointed sequestrator. Accordingly, the order granting in part the motion of the Canadian defendants and quashing sequestration of said shares has been set aside, and defendants' motion to quash such sequestration on the ground that the Canadian defendants had no property interest in the seized property denied.

Matters contained in the Canadian defendants' 12(b) motion remaining to be decided are: (1) that plaintiff's reliance on 10 Del.C. § 366 is misplaced "* * * since a sale of any property seized (by the sequestrator) or which may be seized is not and could not be necessary to render effectual the nature of the relief which the plaintiff's suit seeks * * *",[5] and (2) that this Court is without jurisdiction over "* * * the administration of a Canadian trust and estate * * *".

While, at the time of the filing of this complaint, plaintiff was not able to state whether or not he is subject to any liability arising out of National's alleged failure to file federal and state forms concerning the Philo B. Yancey estate, nonetheless, as noted in the opinion of the Supreme Court herein, potential claims against the Yancey estate may still have legal vitality. If plaintiff can establish the existence of claims against the Philo B. Yancey estate, which, if unpaid by such estate, would result in liability being imposed on plaintiff, then it would appear that the sale of the presently sequestered stock would serve to render effectual the relief which plaintiff would be entitled to were he to become personally liable for taxes due federal and/or state governments as a result of the Canadian defendants' and/or their predecessors' neglect. Accordingly, the Canadian defendants' motion, insofar as it is based on the inapplicability of Title 10 Del.C. § 366 to the nature of the postulated monetary relief[6] sought in plaintiff's complaint, must also be denied.

The Canadian defendants final point is that although the situs of the duPont shares here in issue is clearly Delaware for attachment purposes, 8 Del.C. § 169, that this Court is without jurisdiction to consider plaintiff's claims because they are concerned with a Canadian trust.

3. In his complaint plaintiff states: "Plaintiff is not able at the present time to state whether he is subject to any liability for the omission of National to file these (tax) forms."

4. See Yancey v. National Trust Company Ltd. (Sup.Ct.Del.) 251 A.2d 561.

5. Wightman v. San Francisco Bay Toll Bridge, 16 Del.Ch. 200, 142 A. 783.

6. It would seem appropriate for counsel to give some consideration to the question as to whether or not plaintiff's claim for monetary relief can be adequately dealt with in a court of law.

■ In my opinion, however, the Canadian defendants fail to grasp the point that regardless of whether or not plaintiff's efforts to involve the Court in the administration of a Canada trust raise a jurisdictional issue rather than mere questions " * * * of comity, and necessity * * * ",[7] plaintiff is also seeking to protect himself from loss arising out of conjectured personal liability for estate taxes possibly due federal and state authorities.

On notice, an order may be presented denying the Canadian defendants 12(b) motion in toto.[8]

7. Bowles v. Dun-Bradstreet Corp., 25 Del. Ch. 32, 12 A.2d 392. See also Baltimore National Bank v. Central Public Utility Corp., 26 Del.Ch. 295, 28 A.2d 244.

8. The defendant E. I. duPont de Nemours and Company has filed a motion to dismiss this action on the ground of comity as well as for lack of jurisdiction but has not brought such motion on for argument.