Richard E. NICKSON, Plaintiff,

v.

FILTROL CORPORATION, a Delaware corporation, Myron A. Bantrell, Ralph M. Haney, Leon A. Kahn, Harold W. Sanders and O. Milton Stout, Defendants.

Court of Chancery of Delaware, New Castle.

April 20, 1970.

Henry M. Canby, Charles F. Richards, Jr., and Richard F. Balotti, of Richards,

Layton & Finger, Wilmington, for plaintiff.

Richard L. Sutton and Paul P. Welsh, of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant Filtrol Corporation.

E. D. Griffenberg, Jr., of Potter Anderson & Corroon, Wilmington, for defendant Myron A. Bantrell and other individual defendants.

DUFFY, Chancellor.

This is a derivative action brought for the benefit of Filtrol Corporation, a Delaware corporation (Filtrol); many of the pertinent facts are stated in the Court's opinion dated January 27, 1970, 262 A.2d 267. The present issues arise out of plaintiff's continuing efforts to sequester shares of Filtrol stock in which, it is argued, Myron A. Bantrell (Bantrell), the principal defendant, has an interest.[1]

I

On August 6, 1969 the Court entered an order appointing a Sequestrator and directing him "to seize and hold, * * * property of * * * [Bantrell] in the State of Delaware, consisting of the equitable and/or other interest in common stock of Filtrol * * *." The Sequestrator was empowered to seize shares standing in Bantrell's name and/or in which he "may have or hold any right, title or interest, with all the rights belonging or appertaining to the said property."

Bantrell tacitly concedes that he holds legal title (or its equivalent) to some 126,-000 Filtrol shares, but he has moved to quash sequestration on the ground that the shares are held by him in trust pursuant to a declaration which this Court has found valid under California law. Relying on Yancey v. National Trust Company, Del.Supr., 251 A.2d 561 (1969), plaintiff argues that Bantrell's legal title to the

1. The Delaware sequestration statute, 10 Del.C. § 366, appears in the opinion of January 27.

shares has been validly seized and his motion should be denied. Plaintiff says that Bantrell lacks standing to ask the Court to quash because in *Yancey* the Supreme Court said that the "stock to which a nonresident holds only bare legal title will be released from sequestration on application of the beneficial owners * * *."

■ It certainly is true that in *Yancey* and cases which preceded it, cf. Rebstock v. Lutz, 39 Del.Ch. 25, 158 A.2d 487 (1960), the Supreme Court held that a beneficial owner has standing to secure release of stock sequestered as the property of one who holds legal title only. But it would be an illogical and unworkable extension of that rule to re-state it so that *only* a beneficial owner could secure release. I take *Yancey* and its predecessors to mean, simply, that a sequestration made in compliance with the statute and the Rules of Court reaches and liens the interest (in the stock) to which it is directed. And sequestration proceeds upon the premise that such interest is seized for the purpose of compelling appearance by the person who holds that interest. Once it is called to the court's attention that the interest which has been seized is the property of another, or is held for the benefit of another, then of course justice requires that the property be released. Absent special circumstances we do not take one man's property to satisfy the obligations of another.[2]

This reasoning does not depend for its validity upon the status of the party who raises the question.

■ Applying this approach to the facts, I conclude that Bantrell has standing to show that he has only legal title to the Filtrol shares and that the equitable interest in them is held for beneficiaries in accordance with the terms of the trust.[3]

Plaintiff also argues that Bantrell, as an income beneficiary of the trust, has a right to receive all dividends from the Filtrol shares and that this is an equitable interest seized by the sequestration order. But the Court has already held that Bantrell did not reserve the right to receive dividends, and that the trustee has the duty to collect them as income from corpus. This argument is without merit.

## II

■ Plaintiff argues that the Court should not "recognize the purported * * trust * * * so as to defeat sequestration." This is based on the proposition that a trust which in no way changes a settlor's interest in or control over the property is illusory, and its use as a shield against sequestration should not be permitted. Compare Security Trust Co. v. Sharp, 32 Del.Ch. 3, 77 A.2d 543 (1950). Admittedly, this argument has appeal, if only because it asks the Court to look to substance and ignore form. And I am very much aware that the law should not be, or appear to be, a game of wits with the result going to the quickest if not the best technician. But our decisions have made plain that the sequestration statute provides a specialized way in which property interests may be seized to compel appearance in a Delaware court. And any application of the statute must begin with what those interests are. In this case, that takes us to California law. And, under that law Bantrell's trust is valid and all of the Filtrol

2. Plaintiff's reliance upon Chasin v. Gluck, 42 Del.Ch. 201, 207 A.2d 30 (1964), reversed on other grounds, 42 Del.Ch. 325, 210 A.2d 855 (1965), is misplaced because there the record failed to show that the party seeking discharge from sequestration had "no beneficial interest in any of the shares" seized. And in Steinberg v. Shields, 38 Del.Ch. 423, 153 A.2d 599 (1959) the motion to vacate sequestration was denied without prejudice so that plaintiff might have discovery on the fact of beneficial ownership.

3. It may be worth noting here that, under plaintiff's argument Bantrell may have personal standing because he is the life beneficiary of the trust.

shares are the property of the trust. While the entire trust remains subject to Bantrell's power to destroy, the existence of that power does not as a matter of law destroy the validity of the trust. Nor does it mean that the trust is illusory. Hence the seizure here was not of property (Filtrol stock) in which Bantrell had an equitable interest; it was the property of an entity (the trust) in which he had an equitable interest. As the Supreme Court said in Cheff v. Athlone Industries, Inc., Del.Supr., 233 A.2d 170 (1967), the difference is determinative.

## III

On December 4, 1969 the Court entered a third order of sequestration directing the Sequestrator to seize and hold Bantrell's property consisting of his right, title and interest to a dividend on the Filtrol shares declared September 8 and payable December 15. I have already held that Bantrell did not retain a right to dividends, so it follows that this attempt at sequestration was likewise ineffective.

\* \* \*

Bantrell's motion to quash will be granted.